# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA

TO:   Julia C. Dudley, Clerk         FROM:   James W. Reynolds, Clerk
       United States District Court             United States Bankruptcy Court

Re:

Yellow Poplar Lumber Company, Inc.        17-70882
Debtor(s)                                 Bankruptcy Case No.


Robert T. Copeland                        N/A
Appellant                                 Adversary Case No.
v.



John M. Lamie
Appellee

## SUBMISSION SHEET

☑ Notice of Appeal filed        Jul 26, 2019        Doc. No. 104

☑ File date of Order being appealed   Jul 15, 2019    Doc. No. 100 & 101

☐ Motion for Leave to Appeal filed    _____    Doc. No. _____

☐ Motion to Withdraw Reference filed  _____    Doc. No. _____

☑ Entire Record

          Designated items of    ☑ Appellant       ☐ Appellee
                                 ☐ Cross Appellant  ☐ Cross Appellee

☐ Supplemental Record to USDC Case No.    _____

Filing Fee Paid    ☒ Yes    ☐ No

In forma pauperis    ☐ Granted  ☐ Denied  ☐ N/A

If previous appeal filed list:   USDC Case Number: 1:18-cv-00043

If related to another appeal list:   USDC Case Number: _____

By:   _____Chad A. Wood_____          Date Submitted: __August 21, 2019__
         Deputy Clerk

APLSub_fillable

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **IN RE:**    **Yellow Poplar Lumber Company, Inc.**<br><br>           **DEBTOR(S)** | **CHAPTER:**     **7**<br><br>**CASE NO. :**     **17-70882** |
|       **Robert T. Copeland**<br><br>      **Plaintiff(s)/Appellant(s)**<br><br>**v.**<br><br>      **John M. Lamie**<br><br>      **Defendant(s)/Appellee(s)** | **ADVERSARY PROCEEDING NO.**   **N/A** |

## TABLE OF CONTENTS

### Court Provided Documents

| Docket Entry Date | Docket Entry No. | Description |
|---|---|---|
| | | Submission Sheet |
| | | Copy of Docket Sheet |
| 7/26/19 | 104 | Notice of Appeal to District Court |
| 7/26/19 | 105 | Receipt of Notice of Appeal |
| 7/29/19 | | Appeal Transmitted |
| 7/29/19 | 107 | Notice of Filing Appeal |
| 7/31/19 | 108 | Civil Case Number 1:19-cv-00029-JPJ and District Judge James P. Jones Assigned |
| 8/6/19 | 110 | Appellant Designation of Contents for Inclusion in Record on Appeal |
| | | Transcript Not Ordered |

### Appellant Designation

| Docket Entry Date | Docket Entry No. | Description |
|---|---|---|
| 3/29/19 | 85 | Application for Compensation *Under Common Fund Theory* for Copeland Law Firm, P.C |
| 4/23/19 | 91 | Supplement *to the Motion to Approve Attorney Fees Pursuant to the Common Fund Theory* Filed by Max Cody Morris on behalf of Copeland Law Firm, P.C. |
| 5/1/19 | 92 | Response Filed by John M. Lamie, to the Application for Compensation of Copeland Law Firm, P.C. |
| 5/1/19 | 93 | Response Filed by Copeland Law Firm, P.C. to the Trustee's Response to its Application for Compensation |
| 7/15/19 | 100 | Memorandum Opinion |
| 7/15/19 | 101 | Order Denying Application for Compensation |

| 7/26/19 | 104 | Notice of Appeal to District Court |
|---------|-----|-----------------------------------|

## Appellee Designation

| Docket Entry Date | Docket Entry No. | Description |
|-------------------|------------------|-------------|
|  |  | N/A |

### C E R T I F I C A T E:

    I, James W. Reynolds, Clerk of the United States Bankruptcy Court for the Western District of Virginia, do hereby certify that the documents submitted under this certificate are copies of the record as designated and filed by the Appellant and Appellee or are copies of original documents of record.

    Copies of this index are being sent electronically or mailed to the Debtor(s), Counsel for Debtor(s), Case Trustee, U.S. Trustee if applicable, Counsel for Appellant(s) and Appellee(s), Counsel for all other parties of record, the United States Bankruptcy Judge issuing the order appealed and Law Clerk to the United States Bankruptcy Judge issuing the order appealed.

    IN TESTIMONY WHEREOF, I hereunto set my hand and affix the Seal of said Court.

Dated: August 21, 2019

JAMES W. REYNOLDS, CLERK OF COURT



APPEAL, BUSINESS

# U.S. Bankruptcy Court
## Western District of Virginia (Roanoke)
### Bankruptcy Petition #: 17-70882

*Date filed:* 06/28/2017

*Assigned to:* Judge Paul M. Black
Chapter 7
Voluntary
Asset

| | |
|---|---|
| ***Debtor*** | |
| **Yellow Poplar Lumber Company, Inc.** | represented by **Yellow Poplar Lumber Company, Inc.** |
| Wayne T. Horne, guardian ad litem 24217 | PRO SE |
| BUCHANAN-VA | |
| Tax ID / EIN: 00-0000000 | |

| | |
|---|---|
| ***Trustee*** | |
| **John M. Lamie** | represented by **John M. Lamie** |
| Post Office Box 519 | Browning Lamie & Gifford |
| Abingdon, VA 24212-0519 | P. O. Box 519 |
| 276-628-6165 | Abingdon, VA 24212-0519 |
| | (276) 628-6165 |
| | Email: jlamie@blglaw.us |

***U.S. Trustee***
**USTrustee**
Office of the United States Trustee
210 First Street, Suite 505
Roanoke, VA 24011
(540) 857-2806

| Filing Date | # | Docket Text |
|---|---|---|
| 06/28/2017 | 🔵 1<br>(152 pgs; 3 docs) | Chapter 7 Bankruptcy Act case of Yellow Poplar Lumber Company, Inc. filed in U.S. District Court - South Carolina in 1928, then transferred to U.S. District Court - Western District of Virginia, now referred to U.S. Bankruptcy Court - Western District of Virginia. (Attachments: # 1 Transferring Documents from USDC-SC # 2 Transferring Documents from USDC-SC) (Nichols, Elizabeth) (Entered: 06/30/2017) |
| 06/28/2017 | 🔵 2 | Judge Paul M. Black added to case (Nichols, Elizabeth) (Entered: 06/30/2017) |

| | | |
|---|---|---|
| 07/06/2017 | 3<br>(1 pg) | Order Setting Status Hearing Signed on 7/6/2017. Hearing scheduled 8/16/2017 at 11:30 AM at Abingdon, US District Courtroom, US Courthouse, 180 W. Main St., Abingdon, VA 24210. (Jenkins, Janet) (Entered: 07/06/2017) |
| 07/08/2017 | 4<br>(2 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s)3 Order Setting Status Hearing) No. of Notices: 11. Notice Date 07/08/2017. (Admin.) (Entered: 07/09/2017) |
| 08/16/2017 | 5 | Status Hearing Held - Hearing Continued; Court set bond at $1.2 million; (RE: related document(s)3 Order Setting Status Hearing) Order to be Tendered by Lamie Due by 8/28/2017.Hearing continued for further status - scheduled 10/25/2017 at 11:30 AM at Abingdon, US District Courtroom, US Courthouse, 180 W. Main St., Abingdon, VA 24210. No Order required; (Campbell, Pam) (Entered: 08/17/2017) |
| 09/05/2017 | 6<br>(4 pgs) | Order Requiring Trustee to Post Bond and Continuing Status Hearing Signed on 9/5/2017 (RE: related document(s) 5 Hearing Held - Hearing Continued). Hearing scheduled 10/25/2017 at 11:30 AM at Abingdon, US District Courtroom, US Courthouse, 180 W. Main St., Abingdon, VA 24210. (Campbell, Pam) (Entered: 09/05/2017) |
| 09/06/2017 | 7<br>(1 pg) | Certificate of Mailing Filed by John M. Lamie on behalf of John M. Lamie (RE: related document(s) 6 Order Continuing Hearing). (Lamie, John) (Entered: 09/06/2017) |
| 09/12/2017 | 8<br>(2 pgs) | Notice of Appearance and Request for Notice Filed by Mark L. Esposito on behalf of Range Resources-Pine Mountain, Inc. (Esposito, Mark) (Entered: 09/12/2017) |
| 09/19/2017 | 9<br>(2 pgs) | Supplement *Bond of Trustee* Filed by John M. Lamie on behalf of John M. Lamie. (Lamie, John) (Entered: 09/19/2017) |
| | 10<br>(2 pgs) | Application to Employ Thomas M Hicok, CPA, CVA MAFF as CPA Filed by Trustee John M. Lamie Hearing scheduled 11/2/2017 at 10:30 AM at Abingdon, US District Courtroom, US Courthouse, 180 W. Main St., Abingdon, VA |

| 10/05/2017 | | 24210. (Lamie, John) (Entered: 10/05/2017) |
|---|---|---|
| 10/05/2017 | 🔵11<br>(3 pgs) | Application to Employ Mindy Bonin and Paralegal Searches Unlimited as Professional (genealogy research and paralegal) Filed by Trustee John M. Lamie Hearing scheduled 11/2/2017 at 10:30 AM at Abingdon, US District Courtroom, US Courthouse, 180 W. Main St., Abingdon, VA 24210. (Lamie, John) (Entered: 10/05/2017) |
| 10/05/2017 | 🔵12<br>(3 pgs; 2 docs) | Notice of Hearing Filed by John M. Lamie on behalf of John M. Lamie (RE: related document(s) 10 Application to Employ, 11 Application to Employ). Hearing scheduled 11/2/2017 at 10:30 AM at Abingdon, US District Courtroom, US Courthouse, 180 W. Main St., Abingdon, VA 24210. (Attachments: # 1 Supplement Mailing List) (Lamie, John) (Entered: 10/05/2017) |
| 10/25/2017 | 🔵13 | Status Hearing Held - Hearing Continued for further status hearing; (RE: related document(s)3 Order Setting Status Hearing) Hearing scheduled 12/20/2017 at 11:30 AM at Abingdon, US District Courtroom, US Courthouse, 180 W. Main St., Abingdon, VA 24210. No Order necessary; (Campbell, Pam) (Entered: 10/25/2017) |
| 11/02/2017 | 🔵14 | Hearing Held - Application Granted. (RE: related document(s)10 Application to Employ filed by Trustee John M. Lamie) Order to be Tendered by Lamie. Due by 11/13/2017. (Rose, Ginger) (Entered: 11/03/2017) |
| 11/02/2017 | 🔵15 | Hearing Held - Application Granted. (RE: related document(s)11 Application to Employ filed by Trustee John M. Lamie) Order to be Tendered by Lamie. Due by 11/13/2017. (Rose, Ginger) (Entered: 11/03/2017) |
| 11/03/2017 | 🔵16<br>(1 pg) | Order Granting Application to Employ Thomas M Hicok Accountant ,(Related Doc # 10) Signed on 11/3/2017. (Rose, Ginger) (Entered: 11/03/2017) |
| 11/03/2017 | 🔵17<br>(1 pg) | Order Granting Application to Employ Mindy Bonin Genealogy Research and Paralegal ,(Related Doc # 11) Signed on 11/3/2017. (Rose, Ginger) (Entered: 11/03/2017) |

| | | |
|---|---|---|
| 11/03/2017 | 🔵 18<br>(1 pg) | Certificate of Mailing *Order(s) of Employment* Filed by John M. Lamie on behalf of John M. Lamie (RE: related document(s)16 Order on Application to Employ, 17 Order on Application to Employ). (Lamie, John) (Entered: 11/03/2017) |
| 11/22/2017 | 🔵 19<br>(4 pgs) | Motion for Entry of Order *Motion of Trustee for Leave to Disburse Attorney Fees (Notice of Hearing)* Filed by Trustee John M. Lamie Hearing scheduled 12/20/2017 at 11:30 AM at Abingdon, US District Courtroom, US Courthouse, 180 W. Main St., Abingdon, VA 24210. (Lamie, John) (Entered: 11/22/2017) |
| 12/20/2017 | 🔵 20 | Hearing Held - Granted (RE: related document(s) 19 Motion for Entry of Order filed by Trustee John M. Lamie) Order to be Tendered by Lamie Due by 1/2/2018. (Campbell, Pam) (Entered: 12/20/2017) |
| 12/20/2017 | 🔵 21 | Hearing Held - Hearing Continued; Counsel directed to brief assessment of monies/disbursements; (RE: related document(s)3 Order Setting Status Hearing) Order to be Tendered by Lamie Due by 1/2/2018.Hearing scheduled 2/1/2018 at 10:30 AM at Abingdon, US District Courtroom, US Courthouse, 180 W. Main St., Abingdon, VA 24210. (Campbell, Pam) (Entered: 12/20/2017) |
| 12/26/2017 | 🔵 22<br>(1 pg) | Order Granting Motion for Entry of Order (Related Doc # 19) Signed on 12/26/2017. (Campbell, Pam) (Entered: 12/26/2017) |
| 12/26/2017 | 🔵 23<br>(2 pgs) | Order Continuing Hearing for Status; Signed on 12/26/2017 (RE: related document(s)3 Order Setting Status Hearing). Status Hearing scheduled 2/1/2018 at 10:30 AM at Abingdon, US District Courtroom, US Courthouse, 180 W. Main St., Abingdon, VA 24210. (Campbell, Pam) (Entered: 12/26/2017) |
| 01/03/2018 | 🔵 24<br>(1 pg) | Certificate of Mailing Filed by John M. Lamie on behalf of John M. Lamie (RE: related document(s) 22 Order on Motion for Entry of Order, 23 Order Continuing Hearing). (Lamie, John) (Entered: 01/03/2018) |
| | 🔵 25 | Memorandum *of Law in Support of Payment of* |

| | | |
|---|---|---|
| 01/25/2018 | (13 pgs; 2 docs) | *Interest to Creditors* Filed by Robert Tayloe Copeland on behalf of Heirs of Daniel Von Bremen (RE: related document(s)23 Order Continuing Hearing). Hearing scheduled 2/1/2018 at 10:30 AM at Abingdon, US District Courtroom, US Courthouse, 180 W. Main St., Abingdon, VA 24210. (Attachments: # 1 Exhibit 1, 2 3 - Various Case Law) (Copeland, Robert) (Entered: 01/25/2018) |
| 01/26/2018 | 🔵26 (22 pgs; 5 docs) | Memorandum *of Authorities on the Notice and Interest Issues* Filed by John M. Lamie on behalf of John M. Lamie (RE: related document(s)23 Order Continuing Hearing). Hearing scheduled 2/1/2018 at 10:30 AM at Abingdon, US District Courtroom, US Courthouse, 180 W. Main St., Abingdon, VA 24210. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4) (Lamie, John) (Entered: 01/26/2018) |
| 02/01/2018 | ⚫27 | Status Hearing Held - Status Hearing Continued (RE: related document(s)3 Order Setting Status Hearing, 25 Memorandum filed by Creditor Heirs of Daniel Von Bremen, 26 Memorandum filed by Trustee John M. Lamie) Hearing scheduled 4/3/2018 at 10:30 AM at Abingdon, US District Courtroom, US Courthouse, 180 W. Main St., Abingdon, VA 24210. No Order required; (Campbell, Pam) (Entered: 02/01/2018) |
| 04/03/2018 | ⚫28 | Status Hearing Held - Hearing Continued for further status conference; Lamie to prepare a written status report/proposal by 5/25/18; (RE: related document(s)3 Order Setting Status Hearing, 25 Memorandum filed by Creditor Heirs of Daniel Von Bremen, 26 Memorandum filed by Trustee John M. Lamie) Hearing scheduled 6/7/2018 at 10:30 AM at Abingdon, US District Courtroom, US Courthouse, 180 W. Main St., Abingdon, VA 24210. No Order required; (Campbell, Pam) Modified on 5/29/2018 (Campbell, Pam). (Entered: 04/03/2018) |
| | 🔵29 (5 pgs; 2 docs) | Application for Compensation *filed on behalf of Mindy Bonin and Paralegal Searches Unlimited* for Mindy Bonin, Other Professional, Fee: $1,957.50, Expenses: $155.34., Hearing scheduled 7/10/2018 at 10:30 AM at Abingdon, US District Courtroom, US Courthouse, 180 W. Main St., Abingdon, VA |

| | | |
|---|---|---|
| 05/23/2018 | | 24210. (Attachments: # 1 Exhibit Invoice and Receipt) (Lamie, John) (Entered: 05/23/2018) |
| 05/23/2018 | 🔵 30 (2 pgs) | Notice of Hearing Filed by John M. Lamie on behalf of Mindy Bonin (RE: related document(s)29 Application for Compensation). Hearing scheduled 7/10/2018 at 10:30 AM at Abingdon, US District Courtroom, US Courthouse, 180 W. Main St., Abingdon, VA 24210. (Lamie, John) (Entered: 05/23/2018) |
| 05/25/2018 | 🔵 31 (5 pgs) | Report *Trustee's Status Report* Filed by John M. Lamie on behalf of John M. Lamie. (Lamie, John) (Entered: 05/25/2018) |
| 06/07/2018 | 🔵 32 | Status Hearing Held - Hearing Continued for further status; Lamie to provide additional trustee status report by 8/1/18; (RE: related document(s)3 Order Setting Status Hearing, 25 Memorandum filed by Creditor Heirs of Daniel Von Bremen, 26 Memorandum filed by Trustee John M. Lamie, 31 Report filed by Trustee John M. Lamie) Hearing scheduled 8/8/2018 at 10:30 AM at Abingdon, US District Courtroom, US Courthouse, 180 W. Main St., Abingdon, VA 24210. No Order required; (Campbell, Pam) (Entered: 06/07/2018) |
| 07/10/2018 | 🔵 33 | Hearing Held - Granted (RE: related document(s) 29 Application for Compensation filed by Other Professional Mindy Bonin) Order to be Tendered by Lamie Due by 7/20/2018. (Campbell, Pam) (Entered: 07/10/2018) |
| 07/10/2018 | 🔵 34 (1 pg) | Order on Fee Award for Compensation and Expenses for Mindy Bonin, Other Professional, Fees awarded: $1957.50, Expenses awarded: $155.34; Awarded on 7/10/2018 Signed on 7/10/2018 (RE: related document(s)29 Application for Compensation filed by Other Professional Mindy Bonin). (Campbell, Pam) (Entered: 07/10/2018) |
| 07/10/2018 | 🔵 35 (1 pg) | Certificate of Mailing Filed by John M. Lamie on behalf of Mindy Bonin (RE: related document(s)34 Fee Award for Compensation and Expenses). (Lamie, John) (Entered: 07/10/2018) |
| | 🔵 36 | Report *Trustee's Status Report as of August 1, 2018* |

| | | |
|---|---|---|
| 08/01/2018 | (7 pgs) | Filed by John M. Lamie on behalf of John M. Lamie (RE: related document(s) 32 Hearing Held - Hearing Continued). (Lamie, John) (Entered: 08/01/2018) |
| 08/08/2018 | 37 | Status Hearing Held - Hearing Continued (RE: related document(s)3 Order Setting Status Hearing, 25 Memorandum filed by Creditor Heirs of Daniel Von Bremen, 26 Memorandum filed by Trustee John M. Lamie, 31 Report filed by Trustee John M. Lamie, 36 Report filed by Trustee John M. Lamie) Order to be Tendered by Lamie Due by 8/20/2018.Status Conference Hearing scheduled 10/4/2018 at 10:30 AM at Abingdon, US District Courtroom, US Courthouse, 180 W. Main St., Abingdon, VA 24210. Lamie to prepare proposal by 9-7 with counter proposal/objections due by 9-28; (Campbell, Pam) (Entered: 08/08/2018) |
| 08/10/2018 | 38 (3 pgs) | Order requiring Trustee to file A Proposed Interim distribution, setting deadline for Objections and Order Continuing Pre-Trial Hearing Signed on 8/10/2018 (RE: related document(s) 37 Hearing Held - Hearing Continued). Hearing scheduled 10/4/2018 at 10:30 AM at Abingdon, US District Courtroom, US Courthouse, 180 W. Main St., Abingdon, VA 24210. Order setting due date by 9/7/2018 (Proposed interim distribution to the general unsecured creditors)Objections to the Trustee's proposed interim distributions by September 28, 2018;. (Campbell, Pam) (Entered: 08/10/2018) |
| 08/13/2018 | 39 (1 pg) | Certificate of Mailing Filed by John M. Lamie on behalf of John M. Lamie (RE: related document(s) 38 Order Continuing Hearing). (Lamie, John) (Entered: 08/13/2018) |
| 09/07/2018 | 40 (4 pgs) | Motion for Entry of Order *Trustee's Motion Seeking Approval of Interim Distribution to Unsecured Creditors* Filed by Trustee John M. Lamie Hearing scheduled 10/4/2018 at 10:30 AM at Abingdon, US District Courtroom, US Courthouse, 180 W. Main St., Abingdon, VA 24210. (Lamie, John) (Entered: 09/07/2018) |
| | 41 (2 pgs) | Notice of Hearing Filed by John M. Lamie on behalf of John M. Lamie (RE: related document(s) |

| | | |
|---|---|---|
| 09/07/2018 | | 38 Order Continuing Hearing, 40 Motion for Entry of Order). Hearing scheduled 10/4/2018 at 10:30 AM at Abingdon, US District Courtroom, US Courthouse, 180 W. Main St., Abingdon, VA 24210. (Lamie, John) (Entered: 09/07/2018) |
| 09/10/2018 | 42 (3 pgs) | **Entered in Error** Order Schedule Hearing (RE: related document(s)40 Motion for Entry of Order filed by Trustee John M. Lamie). Hearing scheduled 10/4/2018 at 10:30 AM at Abingdon, US District Courtroom, US Courthouse, 180 W. Main St., Abingdon, VA 24210. (Rose, Ginger) Modified on 9/10/2018 (Rose, Ginger). (Entered: 09/10/2018) |
| 09/10/2018 | 43 (3 pgs) | Order Schedule Hearing (RE: related document(s) 40 Motion for Entry of Order filed by Trustee John M. Lamie). Hearing scheduled 10/4/2018 at 10:30 AM at Abingdon, US District Courtroom, US Courthouse, 180 W. Main St., Abingdon, VA 24210. (Rose, Ginger) (Entered: 09/10/2018) |
| 09/14/2018 | 44 (2 pgs) | Motion for Entry of Order *to Approve Reimbursement for Costs Advanced (Bond and Publications)* Filed by Trustee John M. Lamie Hearing scheduled 10/4/2018 at 10:30 AM at Abingdon, US District Courtroom, US Courthouse, 180 W. Main St., Abingdon, VA 24210. (Lamie, John) (Entered: 09/14/2018) |
| 09/17/2018 | 45 (3 pgs) | Motion for Entry of Order *(Amended to add hearing location)* Filed by Trustee John M. Lamie Hearing scheduled 10/4/2018 at 10:30 AM at Abingdon, US District Courtroom, US Courthouse, 180 W. Main St., Abingdon, VA 24210. (Lamie, John) (Entered: 09/17/2018) |
| 09/27/2018 | 46 (11 pgs; 4 docs) | Objection to (related document(s) 40 Motion for Entry of Order filed by Trustee John M. Lamie) *Objection of the Von Bremen Family* Filed by Robert Tayloe Copeland on behalf of Heirs of Daniel Von Bremen Hearing scheduled 10/4/2018 at 10:30 AM at Abingdon, US District Courtroom, US Courthouse, 180 W. Main St., Abingdon, VA 24210. (Attachments: # 1 Exhibit A - GENERAL ORDER XXI # 2 Exhibit B - CASE DOCKET # 3 Exhibit C - SERVICE LISTS) (Copeland, Robert) (Entered: 09/27/2018) |

| | | |
|---|---|---|
| 09/27/2018 | ⚫47<br>(7 pgs; 2 docs) | Objection to (related document(s) 40 Motion for Entry of Order filed by Trustee John M. Lamie) *Heirs of Willie Johnson* Filed by Robert Tayloe Copeland on behalf of Heirs of Willie Johnson Hearing scheduled 10/4/2018 at 10:30 AM at Abingdon, US District Courtroom, US Courthouse, 180 W. Main St., Abingdon, VA 24210. (Attachments: # 1 Exhibit A - SERVICE LIST) (Copeland, Robert) (Entered: 09/27/2018) |
| 10/04/2018 | ⚫48<br>(1 pg) | Affidavit *(Wall Street Journal)* Filed by John M. Lamie on behalf of John M. Lamie (RE: related document(s)43 Order Schedule Hearing. (Lamie, John) (Entered: 10/04/2018) |
| 10/04/2018 | ⚫49 | Hearing Held - Hearing Continued; No order required; Trial held. Thomas Hicok, CPA sworn and testified. Within 21 days, Mr. Hicok to file with Court affidavit/declaration to support interest rate. Within 21 days counsel to file with Court supplements outlining when distributions were made in original case and the process or procedure for how to make future distributions. Counsel to file with Court support for whether claim assignments were properly made; May be resolved prior thereto (RE: related document(s)3 Order Setting Status Hearing, 25 Memorandum filed by Creditor Heirs of Daniel Von Bremen, 26 Memorandum filed by Trustee John M. Lamie, 31 Report filed by Trustee John M. Lamie, 36 Report filed by Trustee John M. Lamie, 40 Motion for Entry of Order filed by Trustee John M. Lamie, 46 Objection filed by Creditor Heirs of Daniel Von Bremen, 47 Objection filed by Creditor Heirs of Willie Johnson) Hearing scheduled 11/8/2018 at 10:30 AM at Abingdon, US District Courtroom, US Courthouse, 180 W. Main St., Abingdon, VA 24210. (Campbell, Pam) (Entered: 10/04/2018) |
| 10/04/2018 | ⚫50 | Hearing Held - Motion Granted (RE: related document(s)45 Motion for Entry of Order filed by Trustee John M. Lamie) Order to be Tendered by Lamie Due by 10/15/2018. (Campbell, Pam) (Entered: 10/04/2018) |
| 10/04/2018 | ⚫51<br>(1 pg) | Affidavit *(The Virginia Mountaineer)* Filed by John M. Lamie on behalf of John M. Lamie (RE: related document(s)43 Order Schedule Hearing). (Lamie, John) (Entered: 10/04/2018) |

| | | |
|---|---|---|
| 10/04/2018 | 🔵 52<br>(1 pg) | Affidavit *(The Dickenson Star)* Filed by John M. Lamie on behalf of John M. Lamie (RE: related document(s)43 Order Schedule Hearing). (Lamie, John) (Entered: 10/04/2018) |
| 10/04/2018 | 🔵 53<br>(1 pg) | Affidavit *(Pickens County Courier LLC)* Filed by John M. Lamie on behalf of John M. Lamie (RE: related document(s)43 Order Schedule Hearing). (Lamie, John) (Entered: 10/04/2018) |
| 10/04/2018 | 🔵 54<br>(1 pg) | Affidavit *(Ironton Tribune)* Filed by John M. Lamie on behalf of John M. Lamie (RE: related document(s)43 Order Schedule Hearing). (Lamie, John) (Entered: 10/04/2018) |
| 10/04/2018 | 🔵 55<br>(2 pgs) | Affidavit *(The Independent)* Filed by John M. Lamie on behalf of John M. Lamie (RE: related document(s)43 Order Schedule Hearing). (Lamie, John) (Entered: 10/04/2018) |
| 10/04/2018 | 🔵 56<br>(3 pgs) | Affidavit *(The Herald - Dispatch)* Filed by John M. Lamie on behalf of John M. Lamie (RE: related document(s)43 Order Schedule Hearing). (Lamie, John) (Entered: 10/04/2018) |
| 10/05/2018 | 🔵 57<br>(2 pgs) | Order Approving Motion for Entry of Order to Approve Reimbursement for costs advanced; (Related Doc # 45) (Campbell, Pam) (Entered: 10/05/2018) |
| 10/10/2018 | 🔵 58<br>(23 pgs; 8 docs) | Objection to (related document(s) 40 Motion for Entry of Order filed by Trustee John M. Lamie) Filed by Robert Tayloe Copeland on behalf of Heirs of Daniel Von Bremen (Attachments: # 1 Exhibit A - GENERAL ORDER # 2 Exhibit B - TRANSCRIPT OF CREDITORS MEETING # 3 Exhibit C - REPORT OF REFEREE # 4 Exhibit D - ORDER APPROVING REPORT # 5 Exhibit E - REPORT OF RECEIPTS # 6 Exhibit F - REPORT OF DISTRIBUTION # 7 Exhibit G - SERVICE MATRIX) (Copeland, Robert) (Entered: 10/10/2018) |
| 10/11/2018 | 🔵 59 | Document/Event Entered in Error Filed by Robert Tayloe Copeland on behalf of Heirs of Daniel Von Bremen (RE: related document(s)58 Objection). (Copeland, Robert) (Entered: 10/11/2018) |

| | | |
|---|---|---|
| 10/11/2018 | 🔵 60<br>(23 pgs; 8 docs) | Objection to (related document(s) 40 Motion for Entry of Order filed by Trustee John M. Lamie) Filed by Robert Tayloe Copeland on behalf of Heirs of Daniel Von Bremen Hearing scheduled 11/8/2018 at 10:30 AM at Abingdon, US District Courtroom, US Courthouse, 180 W. Main St., Abingdon, VA 24210. (Attachments: # 1 Exhibit A - General Order # 2 Exhibit B - Transcript of Creditors Meeting # 3 Exhibit C - Report of Referee # 4 Exhibit D - Order approving referee report # 5 Exhibit E - Report of Receipts # 6 Exhibit F - Report of Distribution # 7 Exhibit G - Service Matrix) (Copeland, Robert) (Entered: 10/11/2018) |
| 10/23/2018 | 🔵 61<br>(4 pgs; 3 docs) | Report *of CPA, Thomas M. Hicok, on the Interest Rate Research for 1928* Filed by John M. Lamie on behalf of John M. Lamie. (Attachments: # 1 Exhibit Graph # 2 Exhibit Table) (Lamie, John) (Entered: 10/23/2018) |
| 10/25/2018 | 🔵 62<br>(10 pgs; 2 docs) | Report *Trustee's Status Report as of October 25, 2018* Filed by John M. Lamie on behalf of John M. Lamie. (Attachments: # 1 Exhibit Example Affidavit of Heirship) (Lamie, John) (Entered: 10/25/2018) |
| 11/02/2018 | 🔵 63<br>(1 pg) | Supplement *WSJ Proof* Filed by John M. Lamie on behalf of John M. Lamie (RE: related document(s) 48 Affidavit). (Lamie, John) (Entered: 11/02/2018) |
| 11/02/2018 | 🔵 64<br>(12 pgs) | **Entered in Error (no service recipients listed)** Memorandum Opinion (RE: related document(s)25 Memorandum filed by Creditor Heirs of Daniel Von Bremen, 26 Memorandum filed by Trustee John M. Lamie, 40 Motion for Entry of Order filed by Trustee John M. Lamie, 46 Objection filed by Creditor Heirs of Daniel Von Bremen, 47 Objection filed by Creditor Heirs of Willie Johnson, 49 Hearing Held - Hearing Continued, 60 Objection filed by Creditor Heirs of Daniel Von Bremen). (Campbell, Pam) Modified on 11/5/2018 (Campbell, Pam). (Entered: 11/02/2018) |
| | 🔵 65<br>(12 pgs) | Memorandum Opinion (Re-docketed for service) (RE: related document(s)25 Memorandum filed by Creditor Heirs of Daniel Von Bremen, 26 Memorandum filed by Trustee John M. Lamie, 40 |

| | | Motion for Entry of Order filed by Trustee John M. Lamie, 46 Objection filed by Creditor Heirs of Daniel Von Bremen, 47 Objection filed by Creditor Heirs of Willie Johnson, 49 Hearing Held - Hearing Continued, 60 Objection filed by Creditor Heirs of Daniel Von Bremen). (Campbell, Pam) (Entered: 11/02/2018) |
|---|---|---|
| 11/02/2018 | | |
| 11/02/2018 | 66 (2 pgs) | Order Granting Trustee's Motion Seeking Approval of Interim Distribution to Unsecured Creditors subject to the following modifications; (Related Doc 40) (Campbell, Pam). Related document(s) 65 Memorandum Opinion. Modified on 11/2/2018 (Campbell, Pam). (Entered: 11/02/2018) |
| 11/04/2018 | 67 (13 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s)65 Memorandum Opinion) No. of Notices: 3. Notice Date 11/04/2018. (Admin.) (Entered: 11/04/2018) |
| 11/04/2018 | 68 (3 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s)66 Order on Motion for Entry of Order) No. of Notices: 3. Notice Date 11/04/2018. (Admin.) (Entered: 11/04/2018) |
| 11/08/2018 | 69 | Status Hearing Held - Hearing Continued for further status - No Order Required (RE: related document(s)3 Order Setting Status Hearing) Hearing scheduled 2/7/2019 at 10:30 AM at Abingdon, US District Courtroom, US Courthouse, 180 W. Main St., Abingdon, VA 24210. (Campbell, Pam) (Entered: 11/08/2018) |
| 11/12/2018 | 70 (2 pgs) | Notice of Appearance and Request for Notice Filed by David J Hutton on behalf of Assets International. (Hutton, David) (Entered: 11/12/2018) |
| 11/15/2018 | 71 (2 pgs) | Notice of Appeal to District Court . Fee Amount $298 Filed by Creditors Heirs of Willie Johnson, Heirs of Daniel Von Bremen (RE: related document(s)66 Order on Motion for Entry of Order). Appellant Designation due by 11/29/2018. (Copeland, Robert) (Entered: 11/15/2018) |
| | 72 | Receipt of Notice of Appeal(17-70882) [appeal,ntcapl] ( 298.00) Filing Fee. Receipt number 7353837. Fee amount 298.00. (re: Doc# |

| | | |
|---|---|---|
| 11/15/2018 | | [71](#)) (U.S. Treasury) (Entered: 11/15/2018) |
| 11/16/2018 | 🔵 [73](#) (25 pgs) | Notice of Filing Appeal (RE: related document(s) [71](#) Notice of Appeal filed by Creditor Heirs of Daniel Von Bremen, Creditor Heirs of Willie Johnson) (Campbell, Pam) (Entered: 11/16/2018) |
| 11/16/2018 | 🔵 | Appeal Transmitted (RE: related document(s)[71](#) Notice of Appeal filed by Creditor Heirs of Daniel Von Bremen, Creditor Heirs of Willie Johnson, [73](#) Notice of Filing Appeal) (Campbell, Pam) (Entered: 11/16/2018) |
| 11/16/2018 | 🔵 75 | Civil Case Number and District Judge Assigned Case #1:18-cv-00043 (Honorable James P Jones) (RE: related document(s)[71](#) Notice of Appeal filed by Creditor Heirs of Daniel Von Bremen, Creditor Heirs of Willie Johnson) (Campbell, Pam) (Entered: 11/19/2018) |
| 11/18/2018 | 🔵 [74](#) (26 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s)[73](#) Notice of Filing Appeal) No. of Notices: 1. Notice Date 11/18/2018. (Admin.) (Entered: 11/19/2018) |
| 11/28/2018 | 🔵 [76](#) (3 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal , Statement of Issues on Appeal, Filed by Creditors Heirs of Willie Johnson, Heirs of Daniel Von Bremen (RE: related document(s)[71](#) Notice of Appeal). Appellee designation due by 12/12/2018. (Copeland, Robert) (Entered: 11/28/2018) |
| 12/14/2018 | 🔵 [77](#) (311 pgs; 6 docs) | Notice of Docketing Record on Appeal to District Court. Case Number: 0423118000431 (RE: related document(s)[71](#) Notice of Appeal filed by Creditor Heirs of Daniel Von Bremen, Creditor Heirs of Willie Johnson)(Attachments: # [1](#) Balance of Docket entry #1 #(2),dkt #25-47 #(3),dkt #58 # (4),dkt.# 60-71 #(5), dkt # 73-75) (Campbell, Pam) (Entered: 12/14/2018) |
| 02/06/2019 | 🔵 [78](#) (2 pgs) | Report *Trustee's Status Report as of January 31, 2019* Filed by John M. Lamie on behalf of John M. Lamie. (Lamie, John) (Entered: 02/06/2019) |
| | 🔵 79 | Hearing Held - Hearing Continued for Status conference; - No Order Required (RE: related |

| | | |
|---|---|---|
| 02/07/2019 | | document(s)3 Order Setting Status Hearing) Hearing scheduled 4/4/2019 at 10:30 AM at Abingdon, US District Courtroom, US Courthouse, 180 W. Main St., Abingdon, VA 24210. (Campbell, Pam) (Entered: 02/07/2019) |
| 02/25/2019 | 🔘80 (4 pgs; 3 docs) | Application for Compensation *(Approval of CPA Fees)* for Thomas M Hicok, Accountant, Fee: $7510.00, Expenses: $0.00., Hearing scheduled 4/4/2019 at 10:30 AM at Abingdon, US District Courtroom, US Courthouse, 180 W. Main St., Abingdon, VA 24210. (Attachments: # 1 Exhibit Invoice dated 10 23 18 # 2 Exhibit Invoice dated 12 17 18) (Lamie, John) (Entered: 02/25/2019) |
| 02/25/2019 | 🔘81 (2 pgs) | Notice of Hearing *(Approval for CPA Fees)* Filed by John M. Lamie on behalf of Thomas M Hicok (RE: related document(s)80 Application for Compensation). Hearing scheduled 4/4/2019 at 10:30 AM at Abingdon, US District Courtroom, US Courthouse, 180 W. Main St., Abingdon, VA 24210. (Lamie, John) (Entered: 02/25/2019) |
| 03/18/2019 | 🔘82 (1 pg) | Appeal Decision Entered by District Court (RE: related document(s)66 Order on Motion for Entry of Order, 71 Notice of Appeal filed by Creditor Heirs of Daniel Von Bremen, Creditor Heirs of Willie Johnson) (Rose, Ginger) (Entered: 03/18/2019) |
| 03/29/2019 | 🔘83 (4 pgs) | **Entered in error**Application for Compensation *Under Common Fund Theory* for Copeland Law Firm, P.C., Creditor's Attorney, Fee: $164,164.90, Expenses: $., Hearing scheduled 5/2/2019 at 10:30 AM at Abingdon, US District Courtroom, US Courthouse, 180 W. Main St., Abingdon, VA 24210. (Morris, Max) Modified on 4/3/2019 (Wilson, Jessica). (Entered: 03/29/2019) |
| 03/29/2019 | 🔘84 | Document/Event Entered in Error Filed by Max Cody Morris on behalf of Copeland Law Firm, P.C. (RE: related document(s)83 Application for Compensation *Under Common Fund Theory* for Copeland Law Firm, P.C., Creditor's Attorney, Fee: $164,164.90, Expenses: $.). (Morris, Max) (Entered: 03/29/2019) |
| | 🔘85 | Application for Compensation *Under Common* |

| | | |
|---|---|---|
| 03/29/2019 | (4 pgs) | *Fund Theory* for Copeland Law Firm, P.C., Creditor's Attorney, Fee: $164,164.90, Expenses: $., Hearing scheduled 5/2/2019 at 10:30 AM at Abingdon, US District Courtroom, US Courthouse, 180 W. Main St., Abingdon, VA 24210. (Morris, Max) (Entered: 03/29/2019) |
| 03/29/2019 | 86 (1 pg) | Certificate of Mailing Filed by Max Cody Morris on behalf of Copeland Law Firm, P.C. (RE: related document(s)85 Application for Compensation *Under Common Fund Theory* for Copeland Law Firm, P.C., Creditor's Attorney, Fee: $164,164.90, Expenses: $.). (Morris, Max) (Entered: 03/29/2019) |
| 04/04/2019 | 87 | Hearing Held - Approved as stipulated on the record. (RE: related document(s)80 Application for Compensation filed by Accountant Thomas M Hicok) Order to be Tendered by Lamie. Due by 4/15/2019. (Rose, Ginger) (Entered: 04/04/2019) |
| 04/04/2019 | 88 | Hearing Held - Status Hearing Continued - No Order Required (RE: related document(s)3 Order Setting Status Hearing) Hearing scheduled 5/2/2019 at 10:30 AM at Abingdon, US District Courtroom, US Courthouse, 180 W. Main St., Abingdon, VA 24210. (Rose, Ginger) (Entered: 04/04/2019) |
| 04/05/2019 | 89 (2 pgs) | Order on Fee Award for Compensation and Expenses for Thomas M Hicok, Accountant, Fees awarded: $7510.00, Expenses awarded: $0.00; Awarded on 4/5/2019 (RE: related document(s)80 Application for Compensation filed by Accountant Thomas M Hicok). (Campbell, Pam) (Entered: 04/05/2019) |
| 04/05/2019 | 90 (1 pg) | Certificate of Mailing *(order approving fees - Hicok, CPA, CVA MAFF)* Filed by John M. Lamie on behalf of John M. Lamie (RE: related document (s)89 Fee Award for Compensation and Expenses). (Lamie, John) (Entered: 04/05/2019) |
| | 91 (5 pgs) | Supplement *to the Motion to Approve Attorney Fees Pursuant to the Common Fund Theory* Filed by Max Cody Morris on behalf of Copeland Law Firm, P.C. (RE: related document(s)85 Application for Compensation *Under Common Fund Theory* for Copeland Law Firm, P.C., Creditor's Attorney, Fee: |

| | | |
|---|---|---|
| 04/23/2019 | | $164,164.90, Expenses: $.). (Morris, Max) (Entered: 04/23/2019) |
| 05/01/2019 | 🔵 92 (4 pgs) | Response to (related document(s) 85 Application for Compensation filed by Movant Copeland Law Firm, P.C.) Filed by John M. Lamie on behalf of John M. Lamie Hearing scheduled 5/2/2019 at 10:30 AM at Abingdon, US District Courtroom, US Courthouse, 180 W. Main St., Abingdon, VA 24210. (Lamie, John) (Entered: 05/01/2019) |
| 05/01/2019 | 🔵 93 (3 pgs) | Response to Filed by Max Cody Morris on behalf of Copeland Law Firm, P.C. (RE: related document(s)92 Response). Hearing scheduled 5/2/2019 at 10:30 AM at Abingdon, US District Courtroom, US Courthouse, 180 W. Main St., Abingdon, VA 24210. (Morris, Max) (Entered: 05/01/2019) |
| 05/02/2019 | 🔵 94 | Hearing Held - Copeland to file Supplement to Application by 5/16/19 - Lamie and Garber to file Reply, if any, by 5/30/19. (RE: related document(s) 85 Application for Compensation filed by Movant Copeland Law Firm, P.C., 92 Response filed by Trustee John M. Lamie, 93 Response filed by Movant Copeland Law Firm, P.C.) (Wood, Chad) (Entered: 05/02/2019) |
| 05/02/2019 | 🔵 95 | Matter Under Advisement (RE: related document (s)85 Application for Compensation filed by Movant Copeland Law Firm, P.C., 92 Response filed by Trustee John M. Lamie, 93 Response filed by Movant Copeland Law Firm, P.C.) Matter Under Advisement Due by 7/2/2019. (Wood, Chad) (Entered: 05/02/2019) |
| 05/02/2019 | 🔵 96 | Hearing Held - Hearing Continued - No Order Required (RE: related document(s)3 Order Setting Status Hearing) Hearing scheduled 8/8/2019 at 10:30 AM at Abingdon, US District Courtroom, US Courthouse, 180 W. Main St., Abingdon, VA 24210. (Wood, Chad) (Entered: 05/02/2019) |
| | 🔵 97 (11 pgs; 3 docs) | Memorandum *in support of motion for attorney's fees pursuant to the Common Fund Theory* Filed by Robert Tayloe Copeland on behalf of Copeland Law Firm, P.C. (RE: related document(s)85 Application for Compensation *Under Common Fund Theory* for Copeland Law Firm, P.C., |

| | | |
|---|---|---|
| 05/14/2019 | | Creditor's Attorney, Fee: $164,164.90, Expenses: $.). (Attachments: # 1 Exhibit 1 - Copeland Time Detail # 2 Exhibit 2 - Morris Time Detail) (Copeland, Robert) (Entered: 05/14/2019) |
| 05/30/2019 | 98 (5 pgs) | Reply to (related document(s) 97 Memorandum filed by Movant Copeland Law Firm, P.C.) Filed by John M. Lamie on behalf of John M. Lamie **Matter under Advisement; Matter already Heard; No Hearing Scheduled needed:** Hearing scheduled 5/2/2019 at 10:30 AM at Abingdon, US District Courtroom, US Courthouse, 180 W. Main St., Abingdon, VA 24210. (Lamie, John) Modified on 5/31/2019 (Wood, Chad). (Entered: 05/30/2019) |
| 06/03/2019 | 99 (6 pgs) | Response to *Trustee's Reply* Filed by Max Cody Morris on behalf of Copeland Law Firm, P.C. (RE: related document(s)98 Reply). Hearing scheduled 5/2/2019 at 10:30 AM at Abingdon, US District Courtroom, US Courthouse, 180 W. Main St., Abingdon, VA 24210. (Morris, Max) (Entered: 06/03/2019) |
| 07/15/2019 | 100 (14 pgs) | Memorandum Opinion - the Court finds that neither the Bankruptcy Act nor the Bankruptcy Code provide the Court with the authority to grant Counsels requested fee enhancement in this case, and Counsels Motion will be denied. (RE: related document(s)85 Application for Compensation filed by Movant Copeland Law Firm, P.C., 92 Response filed by Trustee John M. Lamie, 93 Response filed by Movant Copeland Law Firm, P.C., 95 Matter Under Advisement, 97 Memorandum filed by Movant Copeland Law Firm, P.C., 98 Reply filed by Trustee John M. Lamie, 99 Response filed by Movant Copeland Law Firm, P.C.). (Wood, Chad) (Entered: 07/15/2019) |
| 07/15/2019 | 101 (1 pg) | Ordered that the Motion to Approve Attorney Fees Pursuant to the Common Fund Theory is hereby Denied. (Related Doc # 85) (Wood, Chad) (Entered: 07/15/2019) |
| 07/17/2019 | 102 (13 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s)65 Memorandum Opinion) No. of Notices: 7. Notice Date 07/17/2019. (Admin.) (Entered: 07/18/2019) |
| 07/17/2019 | 103 (2 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s)101 Order on Application for Compensation) No. of Notices: 7. Notice Date 07/17/2019. (Admin.) (Entered: 07/18/2019) |

| | | |
|---|---|---|
| 07/26/2019 | 🔵104<br>(2 pgs) | Notice of Appeal to Distirct court Court . Fee Amount $298 Filed by Interested Party Robert Copeland, Movant Copeland Law Firm, P.C. (RE: related document(s)100 Memorandum Opinion, 101 Order on Application for Compensation). Appellant Designation due by 08/9/2019. (Copeland, Robert) (Entered: 07/26/2019) |
| 07/26/2019 | 105 | Receipt of Notice of Appeal(17-70882) [appeal,ntcapl] ( 298.00) Filing Fee. Receipt number 7767976. Fee amount 298.00. (re: Doc# 104) (U.S. Treasury) (Entered: 07/26/2019) |
| 07/29/2019 | 🔵 | Appeal Transmitted (RE: related document(s)104 Notice of Appeal filed by Interested Party Robert Copeland, Movant Copeland Law Firm, P.C.) (Morris, Laurrie) (Entered: 07/29/2019) |
| 07/29/2019 | 🔵106<br>(1 pg) | **Entered in Error** Notice of Filing Appeal (RE: related document(s)104 Notice of Appeal filed by Interested Party Robert Copeland, Movant Copeland Law Firm, P.C.) (Morris, Laurrie) Modified on 7/30/2019 (Morris, Laurrie). Modified on 7/30/2019 (Morris, Laurrie). (Entered: 07/30/2019) |
| 07/29/2019 | 🔵107<br>(1 pg) | Notice of Filing Appeal (RE: related document(s)104 Notice of Appeal filed by Interested Party Robert Copeland, Movant Copeland Law Firm, P.C.) (Morris, Laurrie) (Entered: 07/30/2019) |
| 07/31/2019 | 🔵108 | Civil Case Number 1:19-cv-00029-JPJ and District Judge James P. Jones Assigned (RE: related document(s)104 Notice of Appeal filed by Interested Party Robert Copeland, Movant Copeland Law Firm, P.C.) (Wood, Chad) (Entered: 07/31/2019) |
| 08/01/2019 | 🔵109<br>(2 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s)107 Notice of Filing Appeal) No. of Notices: 0. Notice Date 08/01/2019. (Admin.) (Entered: 08/02/2019) |
| 08/06/2019 | 🔵110<br>(3 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal Filed by Interested Party Robert Copeland, Movant Copeland Law Firm, P.C. (RE: related document(s) 104 Notice of Appeal). Appellee designation due by 08/20/2019. (Copeland, Robert) (Entered: 08/06/2019) |
| | 🔵111 | Hearing Held - Hearing Continued - No Order Required (RE: related document(s)3 Order Setting Status Hearing) Lamie to propose interim distribution with notice. Hearing |

| | | |
|---|---|---|
| 08/08/2019 | | scheduled 10/3/2019 at 10:30 AM at Abingdon, US District Courtroom, US Courthouse, 180 W. Main St., Abingdon, VA 24210. (Morris, Laurrie) (Entered: 08/08/2019) |

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

IN RE:

      **YELLOW POPLAR LUMBER**
      **COMPANY, INC.**             **Case No. 17-70882**
         **Debtor**

---

**ROBERT T. COPELAND**
**COPELAND LAW FIRM, P.C.**
      **Movant**

**v.**

**JOHN M. LAMIE, TRUSTEE**
      **Respondent**

**<u>MOTION TO APPROVE ATTORNEY FEES PURSUANT TO THE COMMON</u>**
**<u>FUND THEORY</u>**

      Now comes Robert T. Copeland and the firm of Copeland Law Firm, P.C. ("Firm")

and moves the court for an Order to approve attorney fees under the common fund theory

as set forth in *Boeing Co. v. Van Gemert*, 444 U.S. 472, (1980) and as grounds therefore

states as follows:

1.      This is a reopened chapter 7 proceeding under the bankruptcy act of 1898, which

was initially filed on July 17, 1928 in the District of South Carolina. The proceeding was

transferred to the Western District of Virginia, which then transferred the matter to the

docket of this Court.

2.      As a result of the transfer of this case, this Court has jurisdiction to hear and

determine matters relating to the administration of this case.

3.     When this case began, the Chapter 7 trustee was not inclined to pay interest on the claims of creditors from the time of the filing of the case until the time of distribution. After a determination by this court that interest should be paid, the trustee filed a proposed distribution to be paid to unsecured creditors in this case [Docket # 40]. In that proposed distribution the trustee recommended the payment of 2.4% interest from the date of the payment of the second dividend and proposed a distribution of $418,964.56.

4.     The original creditor fund set forth by the Bankruptcy Trustee was $418,964.56 calculated at a 2.4% interest rate.

5.     The Firm, on behalf of its clients, objected to the 2.4% interest rate, and this Court increased the fund by applying interest at a 3.6%.

6.     The Firm then successfully increased the fund by an appeal in the United States District Court for the Western District of Virginia which found that a 7.0% interest rate should be applied.

7.     As a result of the objections filed by counsel, the bankruptcy court and the district court found that the distribution to unsecured creditors should be from July 17, 1928, with interest at 7.0%, so as of March 1, 2019 the fund should be, by Counsel's calculation, $1,158,938.57.

8.     The Supreme Court has long recognized that "a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing,* at 478.  An attorney is entitled to a reasonable attorney's fee from under the common fund theory when the unrepresented parties who benefited from the lawsuit are easy to identify, the benefits can be accurately traced, and there is reasonable confidence that the costs could be accurately shifted to those beneficiaries *Id.* at 478-479.

9.    The elements set forth by the Court in *Boeing* have been met in this case. The unrepresented parties are easily identifiable. By counsel's calculation, the firm's clients (Johnson and Von Bremen) will receive $83,314.42 of this fund, leaving benefits capable of being accurately traced in the amount of $656,659.59 for all unrepresented creditors.

10.    Courts have used two methods for calculating common fund attorney's fees: the "lodestar" method and the "percentage of fund" method. See *Kay Co v Equitable Prod. Co.,* 749 F. Supp. 2d 455, 462 (S.D. W Va., 2010). The lodestar method multiples the number of hours expended by counsel by a reasonable hourly rate, while the percentage of the fund method awards a fee as a percentage of the common fund *Id.* The courts are increasingly trending towards the application of the percentage of the fund method. *Id.*

11.    Awards in common fund cases average between 20%-35% of the common fund awarded for attorney's fees. See *Strang v JHM Mort. Sec. Ltd Partnership,* 890 F. Supp. 499, 503 (E.D. Va., 1995) (awarding 25%); *Kay Co,* 749 F. Supp. 2d at 463 (awarding 20%); Brian T. Fitzpatrick, *An Empirical Study of Class Action Settlements and Their Fee Awards*, 7 J. Empirical L. Stud. 811, 833-34 (2010) (study of federal class action fee awards finding nearly two-thirds awarding between 25% and 35%).

12.    Bankruptcy Courts have found that the fees requested under common fund theory in class action lawsuits have similar attributes to those found in bankruptcy fee matters. *In re Paolino*, 71 B.R. 576, 584 (E.D. Pa. 1987).

13.    The actions of counsel created an additional fund of $739,974.01 for the unsecured creditors. However, the decisions approving the payment of fees for unrepresented parties have deducted from the fund the amount the represented parties would receive. By counsel's calculation, the firm's clients (Johnson and Von Bremen) will receive $83,314.42 of this fund, leaving an increase in the amount of $656,659.59 for all

3

unrepresented creditors. Under the decisions cited in this motion, a reasonable fee for the representation of the unrepresented creditors would be 25% of the recovery being $164,164.90.

WHEREFORE, based on the foregoing, Movant would pray the Court allow a payment of 25% of the common fund and award One Hundred Sixty-Four Thousand One Hundred Sixty-Four Dollars and 90/100's ($164,164.90) in attorney fees for Counsel's efforts to increase the distribution to unsecured creditors.

## **NOTICE OF HEARING**

PLEASE TAKE NOTICE that on the 2nd day of May 2019 at 10:30 A.M. at the United States Bankruptcy Court, United States Courthouse, 180 W. Main Street, Abingdon, Virginia the undersigned will move the for entry of an Order Granting Attorney's Fees under the Common Fund Theory in accordance with the foregoing motion.

**COPELAND LAW FIRM, P.C.**
**By Counsel**

/s/Robert T. Copeland
Robert T. Copeland, VSB #14575
Copeland Law Firm, P.C.
212 W. Valley Street
P.O. Box 1296
Abingdon, VA 24212

4

**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

IN RE:

  **YELLOW POPLAR LUMBER
  COMPANY, INC.**        **Case No. 17-70882**
    Debtor

_____

**ROBERT T. COPELAND
COPELAND LAW FIRM, P.C.**
  Movant

**v.**

**JOHN M. LAMIE, TRUSTEE**
  Respondent

<u>**SUPPLEMENT TO THE MOTION TO APPROVE ATTORNEY FEES
PURSUANT TO THE COMMON FUND THEORY**</u>

  Now comes Robert T. Copeland and the firm of Copeland Law Firm, P.C. ("Firm")
and supplements the Motion to Approve Attorney Fees Pursuant to the Common Fund
Theory and states as follows:

  1.  After filing its Motion, Movant's ongoing research revealed further
historical background and application of the common fund theory in bankruptcy courts.

  2.  The concept of the common fund theory is a well-established principle
first recognized in American law in the 19th century and dating back to English common
law. See *Trustees v. Greenough,* 105 U.S. 527, (1881); *Central Railroad & Banking Co.*
113 U.S. 116, (1885).

  3.  The Court in *Trustees* summarizes the common fund theory's English
roots as follows:

    In England, where specialty creditors have a preference, a simple-contract
    creditor who recovers a fund for the general benefit is allowed his costs, as

1

between party and party, out of the fund in preference to all other claims; and the balance of his costs, as between solicitor and client, are to be paid either out of the fund or pro rata by all the creditors who partake of the benefit of the suit. This was the judgment in Stanton v. Hatfield, 1 Keen, 358; followed in Thompson v. Cooper, 2 Col. C.C. 87. In the latter case Vice-Chancellor Knight Bruce said: "Having come in and proved, and obtained the benefit of the suit which was instituted on their behalf, as well  as that of the plaintiff, it cannot be just that in such a suit -- a suit instituted for the benefit of all the creditors -- one alone should bear the burden, when others have the benefit."

*Trustees* at 533-534.

4.    *Trustees* also states that "the rule that a party who recovers a fund for the common benefit of creditors is entitled to have his costs and expenses paid out of the fund, *prevails in bankruptcy cases."* Id. at 534 (emphasis added).

5.    An early bankruptcy case, *Ex parte Plitt,* 19 F. Cas. 875, 884 (Circuit Ct. E.D. Penn. 1853) applied common fund theory when that court stated "where the service has been rendered so ably, and with such important results to all...they should unite in tendering to him a just honorary recompense."

6.    Therefore, when this case arose on July 17, 1928, the common fund theory existed and was being applied to compensate attorneys whose efforts created a fund to the benefit of unrepresented persons.

7.    The decisions in *Trustees* and *Central Railroad* were the precursor for *Boeing Co. v. Van Gemert*, 444 U.S. 472, (1980), that further outlines common fund theory and is the basis for our Motion to Approve Attorney Fees Pursuant to the Common Fund Theory.

8.    *Boeing* has been cited in numerous published bankruptcy cases. Several of those cases merely contain a discussion of the common fund theory without ruling on its applicability to the case, or deny fees based on the common fund theory, but are

2

distinguishable from the unique facts of this case.  See *In re DN Assocs.*, 165 B.R. 344, (Bankr. Me. 1994) (Discussed amongst exceptions to the "American Rule" governing fee allocations); *Bogdan Law Firm v. Bevan & Assocs., LPA (In re Johns-Manville Corp.)*, 2016 Bankr. LEXIS 3145, (Bankr. S.D. Ny. 2016) (Included in discussion of a plea for fees under quantum meriut); *In re Waterscape Resort LLC,* 2013 Bankr. LEXIS 2106 (Bankr. S.D. Ny. 2016) (Court acknowledged that a creditor's efforts creating a trust fund reserve account satisfied the common fund doctrine, but the Chapter 11 plan foreclosed recovery); *In re Indep. Pier Co.,* 209 B.R. 333 (E.D. Pa. 1997) (Benefits from moving counsel's work could not be accurately traced); *In re Lloyd Sec.,* 163 B.R. 242 (Bankr. E.D. Pa. 1994) (Court acknowledged that common fund doctrine could apply, but the benefits were not capable of being accurately traced); *In re Sound Radio, Inc.,* 145 B.R. 193 (Bankr. N.J. 1992) (Citing *Boeing* to quote the "American Rule" regarding fee allocations); *In re Merry-Go-Round Enters.,* 244 B.R. 327 (Bankr. Md. 2000) (Distinguished from other common fund cases because all beneficiaries had agreed to bear part of the litigation from the outset); *In re Cmty. Home Fin. Servs.,* 2017 Bankr. LEXIS 1191, (Bankr. S.D. Miss. 2017) (Court found no unjust enrichment where illegally transferred money was returned to rightful owners in estate); *Harmon v. Lighthouse Capital Funding, Inc. (In re Harmon)*, 2011 Bankr. LEXIS 1443 (Bankr. S.D. Tex. 2011) (Court denied Plaintiff's attempt to invoke the common fund theory to recover further fees from the Defendant and not from the fund itself); *Sommers v. Vaught (In re Wilson),* 2007 Bankr. LEXIS 1165, (Bankr. S.D. Tex. 2007) (Cites *Boeing* in discussion of res judicata issues and attorney fees); *In re Patton,* 358 B.R. 911, (Bankr. S.D. Tex. 2007) (Court declined to allow pre-petition claim based on common fund theory to establish priority over other creditors); *Lemeh v. Scott (In re Tom Nebel, P.C.)*, 409 B.R.

873, (Bankr. M.D. Tenn. 2009) (Briefly discusses common fund theory in its analysis); *In re Hunt's Health Care*, 161 B.R. 971, (Bankr. N.D. Ind. 1993) (Recognizing the similarities between *Boeing* and certain bankruptcy fee matters); *In re Chewning & Frey Sec.,* 328 B.R. 899 (Bankr. N.D. Ga. 2005) (Case involving the reasonableness of contingency fees for special counsel who was employed on estate's behalf; common fund theory was discussed in court's analysis).

9.    Many bankruptcy courts have awarded fees where the efforts and expenses of counsel have unjustly enriched other, unrepresented involved parties.  See *Committee of Creditors Holding Unsecured Claims v. Sable, Makoroff & Gusky, P.C. (In re Second Pa. Real Estate Corp.)*, 192 B.R. 663, (Bankr. W.D. Pa. 1995); *In re Churchfield Management & Inv. Corp.* 98 B.R. 838, (Bankr. N.D. Ill. 1989). In re Willis, 143 Bankr. 428, (Bankr. E.D. Tex. 1992). See also *In re Milton Poulos, Inc.* 947 F.2d 1351 (9th Cir. 1991); *Rodifard v Brewer & Prichard,* 2019 Bankr. LEXIS 560 (S.D.  Tex 2019) (Using common fund doctrine as one of the factors in determining a disputed fee calculation); *In re Farrah*, 141 B.R. 920, (Bankr. W.D. Tex 1992) (Using Common fund doctrine as a factor in a fee enhancement of two times lodestar calculation); *Gordon v. IRS (In re Johnson),* 593 B.R. 895 (Bankr. N.D. Ga. 2018) (Awarding fees and expense under common fund theory, but percentage and amount not determined).

WHEREFORE, recognizing that the instant case is more analogous to those cases where bankruptcy courts have granted fees based upon the common fund theory, we would pray the Court grant our Motion to Approve Attorney Fees Pursuant to the Common Fund Theory and award $164,164.90 in attorney fees based upon the calculation supported in said motion.

4

**COPELAND LAW FIRM, P.C.**
**By Counsel**

/s/Robert T. Copeland
Robert T. Copeland, VSB #14575
Copeland Law Firm, P.C.
212 W. Valley Street
P.O. Box 1296
Abingdon, VA 24212
(276) 628-9525
rtc@rcopelandlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was this date filed via ECF with the United States Bankruptcy Court and virtue thereof copies should be electronically transmitted to those having requested electronic noticing, including the Trustee, and further that true copies were mailed by first class mail, postage prepaid, to all creditors and other parties in interest as shown on the mailing matrix for this case.

Date: April 23, 2019 /s/Robert T. Copeland

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

IN RE:        YELLOW POPLAR LUMBER COMPANY, INC.  CASE NO. 17-70882

ROBERT T. COPELAND
COPELAND LAW FIRM,

        Movant,

v.

JOHN M. LAMIE, TRUSTEE,

        Respondent.

<u>TRUSTEE'S RESPONSE TO MOTION OF ROBERT T. COPELAND FOR FEES
PURSUANT TO THE COMMON FUND THEORY</u>

Comes now the Trustee, by counsel, and for his response to the Motion to Approve

Attorney Fees Pursuant to the Common Fund Theory filed by Robert T. Copeland, states as

follows:

1.  The Common Fund Theory is used by the courts to award a reasonable attorneys' fee

    for counsel whose services have created a common fund or settlement for a class

    under Rule 23. *Sutton v. Bernard* 504 F. 3d 688 (7th Cir. 2007). This was not a class

    action matter under Rule 23.

2.  In a common fund case, the court may "award counsel the market price for legal

    services, in light of the risk of nonpayment and the normal rate of compensation in

    the market at the time." Id. (quoting In re *Synthroid Mktg. Litig*. 264 F 3d. 712, 718

    (7th Cir. 2001)).

3.  The goal is to give an attorney a fee that he would negotiate in an arms-length

    negotiation in the market place given the risk of recovering nothing at all. Id at 692.

While it is arguable that counsel's efforts recovered a common fund for the creditors, he did not do so at the risk of receiving no compensation at all. In fact, he represented two creditors on the appeal and had fee arrangements for each.

4. Counsel did not establish a class in the matter and had the opportunity to have other creditors retain him before the undertook the appeal.

5. There is also an inherent conflict in representing competing creditors for a recovery from the same source. The common fund theory should not be an opportunity for an attorney representing individual creditors to double dip and get additional fees from parties who could have retained him if they chose to do so.

6. Counsel cites *Trustees v. Greenway* 105 U.S. 527, 26 L. Ed. 1157 (1881) as authority to support his claims for fees. That decision, however, disallowed allowance for fees and "private" expenses to a "creditor seeking his rights in a judicial proceeding" because "it would present too great a temptation to parties to intermeddle in the management" of funds "in which they have only the interest of creditors." Id at 538. Arguably, the Supreme Court was aware of the conflict.

7. *Trustees v. Greenway* also was in fact a class action because "the bill was filed not only in behalf of the complainant himself, but in behalf of the other bond holders having an equal interest in the fund" to recover the funds from the trustee who were mishandling it. Id at 532.

8. The complaint in *Central Railroad Bankruptcy Co. of Georgia v. Pettis*, 113 U.S. 116, S.S. Ct. 387, 28 L. Ed. 915 (1885) also was "brought, not exclusively for the benefit of the complainants therein, but equally for those of the same class" who should contribute to the expenses. Id at 127.

9. *Boeing Co. v. Van Gement* 444 U.S. 472 (1980) was a class action in which the court allowed fees payable by all members of the class.

10. On the matter before the Court, the efforts of counsel did result in an increase in the interest payable on each unsecured claim but there was no fund created from lengthy litigation that held the risk of no recovery at all. This was an appeal to the U.S. District Court that involved the writing of a brief and oral argument before the court.

11. An appeal of the interest rate to be paid to creditors is far removed from the class action contingency fee litigation that produces funds for a group of similarly situated parties. Legal fees in such matters are not generally awarded on a contingency basis for these services. The Bankruptcy Act of 1898, and amended versions thereafter, have never allowed such a procedure. As a matter of policy, this court should not allow the application because it would establish a precedent that could prove unworkable and costly in the future administration of cases.

WHEREFORE, the Trustee asks the Court to disallow the application and grant such other relief as law and equity requires.

JOHN M. LAMIE, TRUSTEE FOR THE ESTATE OF
YELLOW POPLAR LUMBER COMPANY, INC.

John M. Lamie
VSB No. 20109
BROWNING, LAMIE & GIFFORD, P.C.
P.O. Box 519
Abingdon, Virginia 24212
Telephone:  276/628-6165
Facsimile:  276/628-4847
jlamie@blglaw.us

By___*/s/ John M. Lamie*_____

## CERTIFICATE OF SERVICE

      I hereby certify that on May 1, 2019, I electronically filed the foregoing

document with the Clerk of the Court using the CM/ECF system, which will send

notification of such filing to counsel of record.

/s/ John M. Lamie
John M. Lamie

**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

IN RE:

       **YELLOW POPLAR LUMBER
       COMPANY, INC.**                **Case No. 17-70882**
          **Debtor**

_____

**ROBERT T. COPELAND
COPELAND LAW FIRM, P.C.**
      **Movant**

**v.**

**JOHN M. LAMIE, TRUSTEE**
      **Respondent**

### <u>MOVANT'S REPLY TO TRUSTEE'S RESPONSE TO MOTION TO APPROVE ATTORNEY FEES PURSUANT TO THE COMMON FUND THEORY</u>

      Now comes Robert T. Copeland and the Copeland Law Firm, P.C. ("Firm") and for reply to the Trustee's response to the Motion to Approve Attorney Fees Pursuant to the Common Fund Theory and states as follows:

1.      Trustee states that this is not a class action matter, with the implication that it cannot be applied in bankruptcy courts.  However, Trustee fails to address the numerous applications of Common Fund Theory cited in Movant's Supplement to the Motion to Approve Attorney Fees Pursuant to the Common Fund Theory that was filed with the court on April 23, 2019.

2.      Trustee argues that this case did not involve a risk that there would be zero compensation.  This is not one of the elements necessary to award fees under Common Fund Theory as set forth in *Boeing Co. v. Van Gemert*, 444 U.S. 472, (1980).  Nonetheless,

this case did in fact begin with a possibility that the creditors would receive nothing, as the original issue was whether any interest should be paid. The Trustee was not inclined to pay interest on the claims of creditors from the time of the filing of the case until the time of distribution. After a determination by this court that interest should be paid, the trustee filed a proposed distribution to be paid to unsecured creditors in this case [Docket # 40]. The original creditor fund set forth by the Bankruptcy Trustee was $418,964.56 calculated at a 2.4% interest rate.  Movant, on behalf of its clients, objected to the 2.4% interest rate, and this Court increased the fund by applying interest at a 3.6%.  Movant then successfully increased the fund by an appeal in the United States District Court for the Western District of Virginia which found that a 7.0% interest rate should be applied resulting in a final amount of $1,158,938.57.

3.    There is no inherent conflict in this case.  Movant only seeks a percentage of the common fund from the *unrepresented* creditors, all of whom saw and increase in the interest to be paid from zero to seven percent due to Movant's efforts.

4.    Trustee failed to comply with Local Rule 9013-1 which would have required Trustee's Response to Motion of Robert T. Copeland for Fees Pursuant to the Common Fund Theory to be filed seven days prior to the hearing date.  Trustee filed his response on May 1, 2019, less than 24 hours prior to the May 2, 2019 hearing.

WHEREFORE, we would pray the Court grant our Motion to Approve Attorney Fees Pursuant to the Common Fund Theory and award $164,164.90 in attorney fees based upon the calculation supported in said motion.

**COPELAND LAW FIRM, P.C.**
**By Counsel**


/s/Robert T. Copeland
Robert T. Copeland, VSB #14575
Copeland Law Firm, P.C.
212 W. Valley Street
P.O. Box 1296
Abingdon, VA 24212
(276) 628-9525
rtc@rcopelandlaw.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing was this date filed via ECF with the United States Bankruptcy Court and virtue thereof copies should be electronically transmitted to those having requested electronic noticing, including the Trustee.

Date: April 23, 2019                    /s/Robert T. Copeland



SIGNED THIS 15th day of July, 2019

THIS MEMORANDUM OPINION HAS BEEN ENTERED
ON THE DOCKET. PLEASE SEE DOCKET FOR ENTRY
DATE.

_Paul M. Black_
Paul M. Black
UNITED STATES BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **CHAPTER VII** |
| **YELLOW POPLAR LUMBER** | ) | |
| **COMPANY, INC.** | ) | |
| | ) | **CASE NO. 17-70882** |
| | ) | |
| Debtor. | ) | |

## MEMORANDUM OPINION

This is a case proceeding under Chapter VII of the Bankruptcy Act of 1898, as amended.

11 U.S.C. § 1 *et seq.* This matter comes before the Court on the Motion to Approve Attorney

Fees Pursuant to the Common Fund Theory ("Motion") (ECF No. 85) filed by counsel for the

heirs of two creditors in this case, Daniel von Bremen and Willie Johnson, ("Counsel") and a

response filed thereto by the Chapter 7 Trustee (the "Trustee") (ECF No. 92). Counsel seeks

payment by unrepresented unsecured creditors in this case of a fee enhancement of $164,164.90

pursuant to the common fund theory. (ECF No. 85.)[1] The Court held a hearing on this matter on

May 2, 2019 and has reviewed supplemental memoranda from Counsel and the Trustee.

---

[1] In his Supplemental Memorandum, Counsel requested a fee enhancement of only $125,000. (ECF No. 97, at 3.)

## FACTUAL BACKGROUND

On July 17, 1928, White Oak Lumber Company filed an involuntary Chapter 7 petition in the United States District Court for the Western District of South Carolina to have Yellow Poplar Lumber Company, Inc. ("Yellow Poplar") adjudged a bankrupt. The court adjudged Yellow Poplar a bankrupt and closed the case in 1931. In 2013, the United States District Court for the District of South Carolina reopened and transferred the case to the District Court for the Western District of Virginia after a dispute involving Yellow Poplar arose as to the ownership rights of gas estates on parcels of land located in Virginia. The parties ultimately agreed to a settlement of the ownership rights, pursuant to which Yellow Poplar stood to receive approximately $2 million in gas royalties. In light of Yellow Poplar's prior bankruptcy, the district court referred the matter to this Court for administration.

Since the case's resurrection, the Trustee has, with the aid of a genealogist, identified many of the original claimants and their existing heirs or successors in interest. Accordingly, the Court ordered the Trustee, and any other party who wished, to submit a memorandum addressing whether interest is payable to the creditors in any distribution made in this case and, if interest is appropriate, what rate should be used. Pursuant to that Order, the Trustee filed a proposed distribution to unsecured creditors with interest at a rate of 2.4%. On behalf of the von Bremen and Johnson heirs, Counsel objected to the rate of 2.4%, advocating instead for a higher rate of 7% based on the legal rate in South Carolina when the case was initiated. This Court awarded 3.6% interest. On appeal to the district court, however, Counsel successfully argued that unsecured creditors should receive interest at 7%, resulting in a significantly larger pool of assets to be distributed to general unsecured creditors.[2]

---

[2] Per Counsel's calculations, the pool increased from $418,964.56 to $1,158,938.57, an increase of nearly $740,000.

2

Upon resolution of the appeal to the district court, Counsel filed his Motion seeking a fee enhancement in the amount of $164,164.90 pursuant to the common fund doctrine.  (ECF No. 85.)  The Trustee has objected, suggesting that the common fund theory does not apply outside of class-action litigation or, specifically, under the Bankruptcy Act.  (ECF No. 92.)  Regardless, the Trustee argues that the circumstances of this case do not warrant such a substantial increase in fees or contribution from creditors benefitting from Counsel's work.  (ECF No. 98.)  In their pleadings, the parties largely focus on the issue of whether the common fund doctrine applies in bankruptcy cases and to what extent counsel should recover, if at all.  However, the determinative question in this case is not whether the common fund theory applies, but whether the Court has authority to grant Counsel a fee enhancement from assets of the bankruptcy estate. Because no provision of either the Bankruptcy Act or its successor the Bankruptcy Code provides a method to award fees in this circumstance, the Court will deny Counsel's Motion.[3]

## JURISDICTION

This Court has jurisdiction of this matter by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the referral made to this Court by Order from the District Court on June 28, 2017.

## CONCLUSIONS OF LAW

The general rule in the United States is that every litigant must bear the expense of his own attorney's fees.  *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980).  However, the common fund doctrine "stands as a well-recognized exception to the general principle," allowing "a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself

---

[3] For clarity, the Court will refer to the Bankruptcy Act of 1898 and its amendments as the "Bankruptcy Act," and will refer to the current statutory scheme as it has evolved from the Bankruptcy Reform Act of 1978 forward as the "Bankruptcy Code."  Thus far, this case has proceeded governed by the Bankruptcy Act.  However, because Counsel cites to numerous cases applying the Bankruptcy Code, the Court will address both statutory schemes in its analysis.

3

or his client . . . [to receive] a reasonable attorney's fee from the fund as a whole." *Id.* "It is

founded upon the principle that when one who, while establishing his own claim, also establishes

the means by which others may collect their claims, a chancellor in equity may award counsel

fees to the trail blazer out of the property made available for the satisfaction of all claims."

*Gibbs v. Blackwelder*, 346 F.2d 943, 945 (4th Cir. 1965). Writing for the Fourth Circuit, Judge

Haynsworth eloquently stated that courts apply the doctrine "so that the one who led in hewing

the path to victory is not left saddled with extensive attorney's fees, which need not be incurred

by his more timid fellows who held back until the fruits of the pioneer's success were laid before

them." *Id.* Rooted in principles of equity, "[t]he doctrine rests on the perception that persons

who obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched at the

successful litigant's expense." *Boeing*, 444 U.S. at 478. Significantly, the common fund

doctrine does not merely spread the cost of litigation among benefitting parties, but also allows

an attorney to collect an extra award of fees. This is so even when the attorney is fulfilling the

terms of the engagement with his own client. *Vincent v. Hughes Air West, Inc.*, 557 F.2d 759,

769–70 (9th Cir. 1977).

Whether a court may apply the doctrine to allow fee enhancements in bankruptcy

proceedings is a point of disagreement between the parties here. Courts have advanced the

concept to varying degrees since the Supreme Court originally acknowledged its existence in

*Trustees v. Greenough*, 105 U.S. 527 (1881). As Counsel noted in his supplemental brief,

*Greenough* suggested that "the rule that a party who recovers a fund for the common benefit of

creditors is entitled to have his costs and expenses paid out of the fund, prevails in bankruptcy

cases." *Id.* at 534. The Supreme Court's comment, though, unfortunately provides little

guidance as to when lower courts should apply the doctrine, especially considering Congress

later enacted sweeping changes to bankruptcy laws with the passage of the Bankruptcy Act in

1898.  Consequently, several courts have limited application of the common fund doctrine in

bankruptcy matters—both in Act and Code cases—with some even suggesting that it has no

application in bankruptcy cases at all.  *See, e.g.*, *Stickney Corp. v. Chi. Milwaukee Corp. (In re*

*Chi., Milwaukee, St. Paul & Pac. R.R. Co.)*, 840 F.2d 1308, 1318 n.9 (7th Cir. 1988) ("Although

unnecessary to our decision, we also agree with the special master's recommendation that the

'common-fund' doctrine does not operate to authorize the payment of fees or costs *from the*

*bankruptcy estate*."); *Guerin v. Weil, Gotshal & Manges*, 205 F.2d 302 (2d Cir. 1953) ("The

principle of the Greenough case . . . is confined by the Act to the recovery of 'reasonable costs

and expenses' where 'the property of the bankrupt, transferred or concealed by him . . . shall

have been recovered for the benefit of the estate . . . by the efforts and at the cost and expense of

one or more creditors.'"); *In re Chewning & Frey Sec., Inc.*, 328 B.R. 899, 919 (Bankr. N.D. Ga.

2005) ("[T]he common fund doctrine contravenes the purpose and spirit of the Bankruptcy Code,

and is inconsistent with statutory distribution scheme articulated therein."); *In re Maimone*, 41

B.R. 974, 984 (Bankr. D.N.J. 1984) ("The court concludes that it would be inappropriate to apply

the equitable fund doctrine to a complex and protracted bankruptcy proceeding in which many

parties have at various times advanced many Motions, Complaints, and positions. . . . This

doctrine would encourage intermeddling by parties having a slight contingent interest in a case in

the hope that they might be permitted to recover attorneys' fees for the efforts.  It is preferable, in

the bankruptcy context, to have each party represent its own interests without such a distortion in

incentives.  Doubtless, the equitable fund doctrine may be applicable in an unusual case, but this

is not such a case.").

Given this context, it is not surprising that Counsel spends the majority of his Motion attempting to persuade the Court that the common fund doctrine is, in fact, applicable to bankruptcy cases. To that end, Counsel cites numerous cases he suggests show that the Court may and should award him a fee enhancement. He is correct that many other courts have either granted fee applications under the common fund doctrine, or at least recognized the doctrine's utility in bankruptcy courts. *See, e.g.*, *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268 (9th Cir. 1989) (granting fees to counsel for the trustee); *Gordon v. Internal Revenue Serv. (In re Johnson)*, 593 B.R. 895 (Bankr. N.D. Ga. 2018) (recognizing a creditor's right to payment from estate funds for pre-petition litigation); *Comm. of Creditors Holding Unsecured Claims v. Sable, Makoroff & Gusky, P.C. (In re Second Pa. Real Estate Corp.)*, 192 B.R. 663 (Bankr. W.D. Pa. 1995) (awarding payment to counsel who negotiated a pre-petition settlement on behalf of the debtor); *In re Farah*, 141 B.R. 920 (Bankr. W.D. Tex. 1992) (granting a fee application for debtor's counsel in a Chapter 11 case). Thus, insofar as Counsel argues that the common fund doctrine applies in bankruptcy court, the Court agrees and acknowledges that "exceptional circumstances" might occur in a bankruptcy case that warrant its use. As stated above, however, the issue here is not whether the common fund doctrine applies, but whether the Court has the authority to award Counsel fees from the estate in the circumstances of this case.

A decision from the Seventh Circuit best illustrates this issue as it relates to the Bankruptcy Code. *In re Fesco Plastics Corp.*, 996 F.2d 152 (7th Cir. 1993). In *Fesco*, the debtor filed its petition under Chapter 11 of the Bankruptcy Code. *Id.* at 153. Several creditors chose not to file proofs of claim because their claims were listed as undisputed, noncontingent, and unliquidated such that they were "deemed filed" under 11 U.S.C. § 1111(a). *Id.* at 153–54. When the court converted the case to Chapter 7, many of the creditors still did not file proofs of

claim because their claims were already "deemed filed." *Id.* at 154. As no proofs of claim were filed, the trustee disputed their claims and the bankruptcy and district courts found that the creditors' claims were barred. *Id.*

As in this case, counsel for one group of the "deemed filed" creditors took the lead by appealing that determination to the Seventh Circuit and ultimately succeeded in showing that those creditors should recover equally to those with timely filed proofs of claim. *Id.* Counsel then sought payment under the common fund doctrine from the unrepresented "deemed filed" creditors on the theory that, "thanks to [him] their claims are now deemed filed, and they are recovering on those claims to the same extent as all other unsecured creditors." *Id.* at 157.

The court ultimately held that the common fund theory did not apply. In doing so, it highlighted the root of the problem in this case—that regardless of whether application of the common fund doctrine is proper, the Court cannot award fees without statutory authority:

> As noted earlier, § 105 of the Bankruptcy Code states that a bankruptcy court may exercise its equitable power only as necessary to carry out the provisions of the Code. The Code specifies when attorney's fees may be awarded. See 11 U.S.C. 327 to 330, 1103, 503(b)(4). Since none of these provisions applies to Wolff, it would seem that awarding fees under the common fund doctrine is beyond the bankruptcy court's mandate. Wolff, however, maintains that it is within the bankruptcy court's power because he seeks fees from the . . . creditors only, not from the estate, and therefore the Code's provisions are completely irrelevant. In other words, the estate will not lose a dime by giving him fees out of the common fund; all he asks is that the court order the trustee to take the money out of the distributions for him. But a bankruptcy court is simply not authorized to do whatever is necessary to reach an equitable result; it may only do whatever is necessary to enforce the Code, and the Code does not address the situation here. Though it would obviously make Wolff's life much easier if the trustee collected his fees for him, the mission of the bankruptcy court is to administer the estate under the Code, not to settle side issues between creditors.

*Id.* Other courts have similarly declined to extend the reach of their equitable powers under § 105 to award fees not otherwise provided for in the Code. *See Chiasson v. J. Louis Matherne & Assocs. (In re Oxford Mgmt., Inc.)*, 4 F.3d 1329, 1334 (5th Cir. 1993) ("[T]he powers granted

7

by [§ 105] must be exercised in a manner that is consistent with the Bankruptcy Code. . . . The

'statute does not authorize the bankruptcy courts to create substantive rights that are otherwise

unavailable under applicable law, or constitute a roving commission to do equity.'" (quoting

*United States v. Sutton*, 786 F.2d 1305, 1308 (5th Cir. 1986))); *In re Lloyd Secs.*, 163 B.R. 242

(Bankr. E.D. Pa. 1994) ("[I]f the statute in issue does not expressly provide for same, the equities

in favor of the party seeking compensation, even when aided by a broad statutory grant of

residual equitable powers to the court as is provided in 11 U.S.C. § 105(a) of the Bankruptcy

Code, cannot support the granting of compensation from other interested parties or the Debtor's

estate."), *rev'd in part*, 183 B.R. 386 (E.D. Pa. 1995).

This sentiment did not originate with the current Bankruptcy Code, however, as many

decisions interpreting its precursor, the Bankruptcy Act, similarly limited fee awards for

creditors' attorneys. For example, *Cox v. Elliott* sought to determine "whether under the

Bankruptcy Act . . . attorneys for creditors, not employed by the trustee nor authorized by the

court, may be allowed fees to be paid out of the estate for services which benefit the creditors but

do not augment the funds in the hands of the trustee."[4] *Cox v. Elliott (In re Calhoun Beach Club*

*Holding Co.)*, 122 F.2d 851 (8th Cir. 1941). Although *Cox* does not expressly implicate the

common fund doctrine, it nonetheless addresses a court's equitable powers and sheds light on the

concerns later raised by *Fesco* with paying a creditor's attorney from estate assets:

> It is conceded that the Bankruptcy Act makes no provision for the payment of
> counsel fees in ordinary bankruptcy proceedings to attorneys for creditors; but

---

[4] With this statement, the Eighth Circuit highlights another concern this Court has in awarding fees under the
common fund doctrine—namely, that Counsel did not, in fact, create or increase the fund at issue, but merely
diverted assets for distribution from one class to another. *See id.* at 852 ("No assets were brought into this estate
through petitioners' (appellees') efforts, and the only basis for an allowance to them is the fact that a net saving
accrued to the estate as a result of the proceedings brought by them."). Counsel's efforts certainly increased the
proposed distribution to unsecured creditors from the estate but, as in *Cox*, he did not alter the fund as it existed in
the hands of the Trustee—he did not create the fund, add to the estate, or recover assets in which others will share.
Thus, the Court questions whether or to what extent it should award a fee enhancement even if it had the authority to
do so.

appellees contend, and the referee found, that the court "has inherent equitable power, in the absence of specific statutory authorization or inhibition to make an allowance out of the estate under the given circumstances."  We do not think so. "The Bankruptcy Act carefully regulates the compensation and expenses which may be allowed in bankruptcy." . . . In the carefully worded allowances provided for in the Act "there is implied an exclusion of other allowances. . . . The present Bankruptcy Act plainly endeavors to restrict allowances from the bankrupt estate."

*Id.* at 852 (citations omitted).

Numerous other Act-era decisions further support the *Cox* and *Fesco* holdings.  *See Leonard v. Joslyn (In re Joslyn)*, 224 F.2d 223, 225 (7th Cir. 1955) ("Attorneys may collect their fees from the bankrupt estate only as specifically provided by the Act. . . . The Act does not provide that attorneys for non-petitioning creditors may recover from the estate for the services rendered by appellants."); *Guerin*, 205 F.2d at 304 ("'It is well settled that the bankruptcy court lacks power to grant, and the policy of the Act is against, compensation not expressly provided by the Act.' . . . Although it has been broadly stated that a bankruptcy court is a court of equity, . . . the exercise of its equitable powers must be strictly confined within the prescribed limits of the Bankruptcy Act . . . ." (citations omitted)); *In re Roadarmour*, 177 F. 379, 381 (6th Cir. 1910) (denying fees for a creditor's attorney where the attorney could not identify any statutory authority in support of his application).  *But see In re Little River Lumber Co.*, 101 F. 558 (W.D. Ark. 1900) (affirming a decision to award attorney's fees even where counsel did not specify a provision of the Act allowing such compensation).

It is also helpful to consider the words of a leading treatise on the Bankruptcy Act regarding what attorney's fees are allowed under that body of law.  Section 2667 of *Remington on Bankruptcy* appears to address this situation directly: "Although the services of an attorney employed to represent one creditor may actually have redounded to the benefit of a number of others, this is not, of itself, ground for assessing the charges either against the estate or the

9

group." 6 James M. Henderson, *Remington on Bankruptcy*, § 2667 (5th ed. 1952).  Additionally, § 2666 reiterates the principles espoused in *Cox*, stating "[u]nless they represent petitioning creditors as such in an involuntary case, or manage to be appointed attorney for the trustee or a receiver, [creditors' attorneys] are not ordinarily entitled to any compensation allowance out of the funds [in bankruptcy]." *Id.* § 2666.

Counsel does not address the Act or Code in his Motion and has not identified any provision that provides for payment of a non-petitioning creditor's attorney's fees from property of a Chapter 7 (or Chapter VII under the Act) debtor's estate.  Nor has the Court found such authority.  Instead, Counsel cites numerous cases that address the common fund doctrine and asks the Court to find that his case is "more analogous to those cases where bankruptcy courts have granted fees based upon the common fund theory."[5]  (ECF No. 91, at 4.)  Reviewing those decisions, however, reveals that their outcomes do not conflict with the principles outlined above.  For example, Counsel cites *In re Churchfield Management & Investment Corp.*, 98 B.R. 838 (Bankr. N.D. Ill. 1989), in which the court granted two common-fund fee applications for pre-petition and class-action counsel.  However, it did so pursuant to § 330 of the Bankruptcy Code.  *See also In re Farah*, 141 B.R. at 923–26 (granting a fee enhancement to debtor's counsel under § 330); *In re Paolino*, 71 B.R. 576, 584 (Bankr. E.D. Pa. 1987) (considering an application for expense reimbursement under § 503 in relation to "fund in court" or common fund cases).

---

[5] Counsel cited more than twenty-one cases in his supplemental brief, most of which only tenuously relate to the issue presented here.  As mentioned above, Counsel appears to have cited a majority of these simply to illustrate that bankruptcy courts have considered the common fund doctrine in the past.  Most, however, have facts wholly distinguishable from those in the present case—some merely mention the common fund doctrine as a consideration in fee applications and others deny fees requested under the doctrine.  In fact, Counsel admits in his brief that many of the cases "contain a discussion of the common fund theory without ruling on its applicability to the case, or deny fees based on the common fund theory, but are distinguishable from the unique facts of this case."  (ECF No. 91, at 2–3.)  Although the Court has reviewed each of these cases, it will not provide a lengthy discussion regarding each, and will instead focus on those more relevant to the issue at hand.

10

Thus, the applicants in those cases did not merely rely on the courts' equitable powers, but instead identified specific authority allowing the courts to grant the requested relief.

Of the other cases Counsel cites in his favor, most contain facts easily distinguishable from this case.  In *In re Johnson*, the court found that a pre-petition creditor, who succeeded in avoiding a transfer of property the debtor made prior to filing bankruptcy, was entitled to compensation under the common fund doctrine.  593 B.R. at 914.  Although another party contended that recovery from the bankruptcy estate was "inconsistent with the scheme of distribution provided under federal bankruptcy law," the court nonetheless allowed the fees.  *Id.* at 913.  Among other things, it noted that the creditor "did not intentionally assume the risk that any potential recovery would be insufficient to satisfy his claim or legal fees based on an administratively insolvent bankruptcy estate. . . . Here, [the creditor's] attorney obtained an order setting aside the Transfer before the Debtor filed this case."  *Id.* at 913–14.  Counsel here did not represent creditors pre-petition, but instead took on representation after commencement of the case, knowing full well the potential limitations on recovery.

Several other cases on which Counsel relies involve attorneys representing *debtors* in various situations, not creditors.  *See, e.g.*, *In re Second Pa. Real Estate Corp.*, 192 B.R. at 670 (awarding fees under the common fund doctrine to counsel who represented a debtor in obtaining a pre-petition settlement); *In re Willis*, 143 B.R. 428 (Bankr. E.D. Tex. 1992) (granting fees to a Chapter 7 debtor's nonbankruptcy counsel from funds obtained from the settlement of a personal injury lawsuit).  Notably, both the Code and the Act provide mechanisms for debtors' attorneys to be paid from assets of the estate.

Counsel also cites a Ninth Circuit case that upheld an award of fees under the common fund theory in the bankruptcy context—*C & E Enters., Inc. v. Milton Poulos, Inc. (In re Milton*

11

*Poulos, Inc.)*, 947 F.2d 1351 (9th Cir. 1991). *Milton Poulos* provides little factual context, however, and minimal discussion of its legal analysis. Based on the facts and analysis included in the decision of the bankruptcy court below, it appears the Ninth Circuit awarded fees from a PACA trust outside the bankruptcy estate. *C & E Enters., Inc. v. Milton Poulos, Inc. (In re Milton Poulos, Inc.)*, 94 B.R. 648 (Bankr. C.D. Cal. 1988). In fact, the bankruptcy court expressly stated that the trust assets at issue were not part of the bankruptcy estate because the beneficiary of the trust was not a debtor in the case. *Id.* at 653. Thus, the decision is not persuasive here.[6]

The Court agrees with the analysis in *Cox* and *Fesco* that it cannot abuse the equitable power Congress bestowed upon it to award fees for services outside the scope of applicable bankruptcy law. "Were it the law that creditors who voluntarily perform acts which prove to be beneficial to the estate should or must be allowed compensation, courts of bankruptcy would be confronted in many instances with numerous claims for compensation for 'voluntary' assistance." *Cox*, 122 F.2d at 852. Thus, even in the exceptional cases where a fee enhancement under the common fund doctrine is proper, the Court can grant such an enhancement only pursuant to statutory authority.

As stated in *Fesco*, attorneys representing parties under the Bankruptcy Code may point to a number of provisions allowing fees to be paid from assets of the estate. *See In re Fesco Plastics Corp.*, 996 F.2d at 157 ("The Code specifies when attorney's fees may be awarded. See 11 U.S.C. §§ 327 to 330, 1103, 503(b)(4)."). The same is true of the Bankruptcy Act. *See* 11

---

[6] As mentioned above, several other cases Counsel cites lend little support to the Court in determining the proper outcome here. For example, Counsel also cites to *Rohifard v. Brewer & Prichard, P.C. (In re ABC Dentistry)*, Adv. No. 18-3205, 2019 WL 913356 (Bankr. S.D. Tex. Feb. 21, 2019). Although *Rohifard* involves counsel for a creditor, counsel in that case represented the creditor in a *qui tam* action under the Texas False Claims Act pursuant to a contingency agreement. Moreover, while the opinion mentions fees awarded from a common fund, the fee issue was not before the court when it issued its decision. As a result, *Rohifard* provides little to no insight into how the court reached its decision to award fees and is not helpful here.

U.S.C. § 64(b)(3) (allowing "one reasonable attorney's fee, for the professional services actually rendered, irrespective of the number of attorneys employed, to the petitioning creditors in involuntary cases"); *In re Roadarmour*, 177 F. at 380 (noting that "Section 64b2 of the bankrupt act provides that when property of the bankrupt transferred or sold by him shall have been recovered for the benefit of the estate . . . by the efforts, and at the expense of one or more creditors, the reasonable expenses of such recovery may be paid in full . . . ."); *In re Little River Lumber Co.*, 101 F. at 559 (granting fees where the trustee "leaves it to a creditor of the estate to resist the allowance of a claim").[7]  Significantly, no provision of the Act or Code appear to permit fees for creditor's attorneys whose actions incidentally benefited some creditors, to the detriment of others, while pursuing their clients' best interests.

Counsel here did not represent a petitioning creditor[8] or creditors' committee.  This is not a case like *Little River Lumber Co.* where the trustee declined to act, forcing Counsel to step in, nor did Counsel recover assets for the benefit of the estate as in *Roadarmour*.  And, unlike the attorneys in the cases cited in his brief, Counsel does not pursue a right to payment for pre-petition services, nor has he served as counsel for the Trustee or the Debtor.  Instead, Counsel urges the Court to find generally that his case is most analogous to those in which courts have applied the common fund theory.  However, the Court is not persuaded by this generalization. "As in much else that pertains to equitable jurisdiction, individualization in the exercise of a discretionary power will alone retain equity as a living system and save it from sterility." *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 167 (1939).  Reviewing the facts specific to this

---

[7] As Congress amended the Act, it added provisions to allow fees in additional situations; however, those amendments occurred after the filing of this case and, regardless, would not apply to Counsel's services.  *See, e.g.*, 11 U.S.C. § 739 (1967) (providing for certain payments to attorneys representing creditors' committees in Chapter XI); 11 U.S.C. §§ 642, 643 (1938) (allowing fees for some actions taken by counsel for creditors in Chapter X cases); 11 U.S.C. § 205 (1933) (allowing reasonable compensation for services in connection with a plan of reorganization for railroads).

[8] The record indicates that White Oak Lumber Company was the sole petitioning creditor in this case.

13

case, the Court finds that it cannot award the fee requested. This Court's equitable powers are restrained in this case by the terms of the Bankruptcy Act. As stated above, even if the Court applied the Bankruptcy Code, no provision of that statute allows payment of the fees requested here from estate assets. Accordingly, without the statutory power to order payment to Counsel from estate funds, the Court is unable to grant the fee enhancement Counsel seeks. The Court will deny the Motion, leaving Counsel to recover under the terms of the fee arrangement negotiated with his clients.[9]

## CONCLUSION

For the foregoing reasons, the Court finds that neither the Bankruptcy Act nor the Bankruptcy Code provide the Court with the authority to grant Counsel's requested fee enhancement in this case, and Counsel's Motion will be denied.

A separate Order will be entered contemporaneously herewith.

---

[9] The Court is not unsympathetic to Counsel's request in this case. But for the lack of statutory authority, this may well be a case where counsel would deserve a fee enhancement for his work. This is not to say, however, that the full requested fee would be proper. Without limitation, the Court has concerns regarding Counsel's timekeeping methods. Specifically, his records indicate that his office billed in quarter-hour increments, which generally overstates the time expended. *See In re Computer Learning Ctrs.*, 285 B.R. 191, 218 (Bankr. E.D. Va. 2002). Counsel routinely represents debtors in reorganization cases before this Court and bills in tenth of an hour increments, which is in accord with the Court's expectations and UST guidelines. Additionally, Counsel included over seventeen hours of time billed by an associate at his firm but attributed all of that time to developing this fee application and argument. The Court questions whether it is appropriate to require unrepresented creditors to foot the bill for time Counsel spent arguing that said creditors should be responsible for funding Counsel's fee enhancement. *See In re Churchfield Mgmt. & Inv. Corp.*, 98 B.R. at 858 ("[A]ttorneys seeking fees from a common fund are not entitled to compensation for time spent preparing and litigating fee petitions."). Even if a lodestar multiplier cross-check were applied to Counsel's fee request, the Motion provides a deficient starting point.



SIGNED THIS 15th day of July, 2019

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

Paul M. Black
UNITED STATES BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **CHAPTER VII** |
| **YELLOW POPLAR LUMBER** | ) | |
| **COMPANY, INC.** | ) | |
| | ) | **CASE NO. 17-70882** |
| | ) | |
| Debtor. | ) | |

## ORDER

For the reasons set forth in the Court's contemporaneous Memorandum Opinion, which are incorporated herein by reference, it is hereby

ORDERED that the Motion to Approve Attorney Fees Pursuant to the Common Fund Theory is hereby DENIED.

The Clerk is directed to send a copy of this Order and the Memorandum Opinion to all creditors and parties in interest on the matrix provided in this case, the United States Trustee, the Chapter 7 Trustee, and Robert T. Copeland, Esquire, counsel for the heirs of Daniel von Bremen and Willie Johnson.

**END OF ORDER**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

IN RE:

|  |  |
|---|---|
|  | Chapter 7 |
| **YELLOW POPLAR LUMBER** | Case No. 17-70882 |
| **COMPANY, INC.** |  |
| Debtor |  |

**NOTICE OF APPEAL TO THE
UNITED STATES DISTRICT COURT**

Robert T. Copeland and Copeland Law Firm, P.C. appeal to the United States District Court

for the Western District of Virginia from the Order entered on July 15, 2019 [Docket Entry No. 101]

by the Honorable Paul M. Black, Judge, United States Bankruptcy Court for the Western District of

Virginia.

The Parties to the Order appealed from and the names and addresses of their respective

attorneys are as follows:

Robert T. Copeland, Esq., Appellant
COPELAND LAW FIRM, P.C, Appellant

Robert T. Copeland, Esq.,
COPELAND LAW FIRM, P.C.
212 Valley Street, NW
P.O. Box 1296
Abingdon, VA 24212
(276) 628-9525
Counsel for Appellants

**John M. Lamie, Esq., Trustee, Appellee**
BROWNING, LAMIE & GIFFORD, P.C.
P.O. Box 519
Abingdon, VA 24212

1

(276) 628-6165
Counsel for Appellees

Robert T. Copeland, Esq.,
COPELAND LAW FIRM, P.C
**By Counsel**

/s/ Robert T. Copeland
Robert T. Copeland, VSB #14575
**COPELAND LAW FIRM, P.C.**
P.O. Box 1296
Abingdon, VA 24212-1304
(276) 628-9525
Counsel for Appellant


### <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing Notice of Appeal was this date uploaded and filed with the United States Bankruptcy Court via the Court's ECF system, and true copies of the same were mailed via first class mail, postage prepaid, to John M. Lamie, Esq. and to the United States Trustee.

Date: <u>July 26, 2019</u>

/s/Robert T. Copeland
Robert T. Copeland

2

# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| In re:    Yellow Poplar Lumber Company, Inc.<br>DEBTOR(S) | CASE NO.      17-70882<br><br>CHAPTER      7 |
| Robert T. Copeland<br><br>APPELLANT(S)<br><br>v.<br><br>John M. Lamie<br><br>APPELLEE(S) | |

### NOTICE OF FILING APPEAL

Pursuant to Federal Rules of Bankruptcy Procedure 8001, et seq., a Notice of Appeal was filed in the above-styled matter on 7/26/2019.

Your attention is directed to the Federal Rules of Bankruptcy Procedure and the Local Rules of Court.


Dated: July 29, 2019


JAMES W. REYNOLDS
CLERK OF COURT


BY: /s/Laurrie Morris
　　　　　　　　　　　Deputy Clerk


Copies to:      Attorney for Appellant
                Attorney for Appellee
                U. S. Trustee, if applicable
                Case Trustee
                Bankruptcy Judge
                Law Clerk

1

na

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**


IN RE:

      **YELLOW POPLAR LUMBER**          **Chapter 7 Case No.**
      **COMPANY, INC.**                **17-70882**
        **Debtor**
_____

**ROBERT T. COPELAND**
**AND**
**COPELAND LAW FIRM, P.C.**
      **Appellants**


**v.**


**JOHN M. LAMIE, Chapter 7 Trustee**
      **Appellee**


<u>**DESIGNATION OF CONTENTS FOR INCLUSION**</u>
<u>**IN RECORD ON APPEAL AND STATEMENT**</u>
<u>**OF ISSUES ON APPEAL**</u>


      Robert T. Copeland and Copeland Law Firm, P.C., the Appellants herein, hereby file the

following Designation of Contents for Inclusion in Record on Appeal and Statement of Issues on

Appeal. The following contents shall be included in the Record on Appeal:


| | <u>Docket Number</u> | <u>Description</u> |
|---|---|---|
| (1) | 85 | Application for Compensation under the Common Fund Theory filed by Copeland Law Firm, P.C. |
| (2) | 91 | Supplement to the Motion to Approve Attorney's Fees Pursuant to the Common Fund Theory filed by Copeland Law Firm, P.C. |
| (3) | 92 | Response filed by John M. Lamie, Trustee, to the Application for Compensation of Copeland Law Firm, P.C. |

1

| (4) | 93  | Response filed by Copeland Law Firm, P.C. to the Trustee's Response to its Application for Compensation |
|-----|-----|---------------------------------------------------------|
| (5) | 100 | Memorandum Opinion |
| (6) | 101 | Order Denying Application for Compensation |
| (7) | 104 | Notice of Appeal |

## ISSUES ON APPEAL

Appellants Robert T. Copeland and Copeland Law Firm, P.C. believe the following are the issues on appeal:

1.      Does the Bankruptcy Act of 1898 or the United States Bankruptcy Code permit attorney's fees to be awarded under the Common Fund Theory?

2.      Was it appropriate to award fees under the Common Fund Theory as a result of the increase in distributions to unsecured creditors?

**ROBERT T. COPELAND**
**COPELAND LAW FIRM, P.C.**
**Appellants**

/s/ Robert T. Copeland
Robert T. Copeland, VSB #14575
COPELAND LAW FIRM, P.C.
P.O. Box 1296
Abingdon VA 24212
(276) 628-9525
Counsel for Appellants

## CERTIFICATE OF SERVICE

I, Robert T. Copeland, do hereby certify that the foregoing Designation of Contents for Inclusion in Record on Appeal and Statement of Issues on Appeal was this date filed with the United

2

States Bankruptcy Court through its ECF system, thereby causing an electronic copy to be transmitted to John M. Lamie, Esq., Trustee, Appellant.

Date: <u>August 6, 2019</u>

<u>/s/Robert T. Copeland</u>

3