# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

**IN RE: YELLOW POPLAR LUMBER COMPANY, INC.,**

Debtor (Bankr. W.D. Va. Ch. 7, Case No. 17-70882).

---

| | |
|---|---|
| **COPELAND LAW FIRM, ET AL.,** | |
| Appellants, | Case No. 1:19CV00029 |
| v. | **OPINION** |
| **JOHN M. LAMIE, TRUSTEE,** | By: James P. Jones<br>United States District Judge |
| Appellee. | |

*Robert T. Copeland*, SCOT S. FARTHING, ATTORNEY AT LAW, P.C., Abingdon, Virginia, for Appellants; *John M. Lamie*, BROWNING, LAMIE & GIFFORD, P.C., Abingdon, Virginia, for Appellee.

In this appeal from an order of the Bankruptcy Court, the appellants were legal counsel for certain unsecured creditors who sought an award from the debtor's estate of an additional or "enhanced" fee from that payable by their clients, based on their contention that their efforts substantially enlarged the estate's distribution payable to all unsecured creditors and thus they were eligible for such a fee under the "common fund" theory. The Bankruptcy Court denied the request, holding that there was no provision of bankruptcy law that permitted such payment from the estate

under the circumstances of this case, leaving the appellants to the fee payable by their clients under their negotiated fee arrangement. After careful consideration of the record and the arguments of the parties, I will affirm the Bankruptcy Court's decision on the basis of its careful and through opinion. *In Re: Yellow Poplar Lumber Co.*, 605 B.R. 416 (Bankr. W.D. Va. 2019).[1]

A separate judgment will be entered forthwith.

DATED: March 18, 2020

/s/ JAMES P. JONES
United States District Judge

---

[1] This appeal was unsuccessfully submitted to mediation, and while no one doubts that the appellants' efforts did in fact substantially enhance the distribution to the unsecured creditors, *see Von Bremen v. Lamie*, 598 B.R. 833, 839 (W.D. Va. 2019) (appeal resulting in an increased interest rate on distribution to unsecured creditors, resulting in an additional distribution of roughly $740,000), the legal issues involved have apparently stymied a negotiated compromise.